UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19-CV-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, ANTHONY D. PETTEGROW, JOSETTE G. PETTEGROW, STEPHEN M. PEABODY, POSEIDON CHARTERS INC., and TRENTON BRIDGE LOBSTER POUND, INC., | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S
MOTION FOR RECONSIDERATION**

The matter is before the Court on Defendants' Motion for Reconsideration (ECF No. 83). Defendants ask me to reconsider the partial denial of their motion to dismiss the RICO claims (Counts I & II), specifically with respect to Defendants Anthony and Josette Pettegrow and Poseidon Charters. While reconsideration is not an opportunity to "reargue theories previously advanced and rejected," *Palmer v. Champion Mortg.*, 465 F.3d 24, 29-30 (1st Cir. 2006), a party may refine a request for relief when it perceives that the court overlooked one of its contentions. As an interlocutory order, the order on the motion to dismiss comes within my "discretionary power to alter it at any time prior to the entry of the final decree." *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990). *See also Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) ("Interlocutory

orders such as these 'remain open to trial court reconsideration' until the entry of judgment.").

When I first considered Defendants' motion to dismiss, I contemplated dismissal of the RICO claims to the extent they are asserted against Poseidon Charters, but I interpreted the motion as advancing a united front on behalf of the Pettegrows, Trenton Bridge, and Poseidon Charters. On further review, it is evident that Defendants challenged Plaintiff's allegations concerning the tubed lobster scheme for failing to show that "each" defendant "had a role." Motion to Dismiss at 16 (ECF No. 45). Given this argument, and given that I have no basis other than conjecture to understand what, if any, relationship Poseidon Charters had to the tubed lobster scheme, I will dismiss Counts I and II, with regard to Poseidon Charters, without prejudice to Plaintiff's ability to allege a connection on or before the deadline to amend the pleadings, or thereafter, in the event there is newly discovered evidence to support such a connection. However, as to Anthony and Josette Pettegrow, I remain persuaded that the allegations provide a plausible basis to infer that they were participants in the alleged scheme, the particulars of which are set forth with sufficient detail to satisfy Rule 9. "Determining the plausibility of a claim is a context-specific task that requires the court 'to draw on its judicial experience and common sense.'" *Capergy US*, *LLC v. SAG Realty*, *LLC*, No. 1:18-CV-00214-JDL, 2019 WL 267700, at *3 (D. Me. Jan. 18, 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Finding it plausible that the conduct at issue is attributable to the principles of Trenton Bridge is in keeping with this maxim.

## CONCLUSION

Defendants' Motion for Reconsideration (ECF No. 83) is GRANTED IN PART and DENIED IN PART. Counts I and II are DISMISSED WITHOUT PREJUDICE as to Defendant Poseidon Charters.

**SO ORDERED.**

Dated this 21st day of July, 2020.

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE