UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:19-CV-00552-LEW |
| ) | |
| WARREN B. PETTEGROW, ANTHONY ) | |
| D. PETTEGROW, JOSETTE G. ) | |
| PETTEGROW, STEPHEN M. ) | |
| PEABODY, POSEIDON CHARTERS ) | |
| INC., and TRENTON BRIDGE ) | |
| LOBSTER POUND, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION ON PLAINTIFF'S
MOTION FOR ORDER PRESERVING PROPERTY; PETTEGROW
DEFENDANTS' MOTION TO DISSOLVE AND MOTION FOR
RECONSIDERATION ON MOTION FOR ATTACHMENT**

The matter is before the Court on Plaintiff Lobster 207's Motion for Order Preserving Property (ECF No. 76), the Pettegrow Defendants' Motion to Dissolve or Vacate Attachment and Attachment by Trustee Process (ECF No. 80), and the Pettegrow Defendants' Motion for Reconsideration of the Memorandum of Decision on Plaintiff's Motion for Attachment and Trustee Process (ECF No. 85).

On June 3, 2020, I issued a Memorandum of Decision on Plaintiff's Motion for Attachment and Attachment on Trustee Process (ECF No. 75), in which I granted an order of attachment and trustee process in the amount of $1,438,181,23. Plaintiff asks that I supplement this relief with a further order that monthly sums paid by Plaintiff to Trenton

Bridge Lobster Pound, pursuant to the Asset Purchase Agreement, be deposited in an escrow account to ensure the funds are preserved to satisfy any money damage award.[1] Defendants argue I should set aside the grant of an attachment because I denied them a fair hearing, or at least stay the entry of an attachment until such time as they get around to demonstrating the existence of insurance or another suitable security. Defendants also argue that an award of an escrow would be improper because Plaintiff has not made an adequate showing to warrant preliminary injunctive relief.

**A.     Defendants' Motion to Dissolve or Vacate**

Rule 64 of the Federal Rules of Civil Procedure provides that provisional remedies like attachment are available in a federal court to the extent they would be available in a state court within the District. In order to grant a motion for attachment and trustee process, the court must find that it is

> more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment and any liability insurance, bond, or other security, and any property or credits attached by other writ of attachment or by trustee process *shown by the defendant to be available to satisfy the judgment*.

Me. R. Civ. P. 4A(c), 4B(c) (emphasis added); *Lund v. Smith,* 787 F. Supp. 2d 82, 83 (D. Me. 2011).

Defendants assert I erred because they suggested there may be insurance available that would undermine Plaintiff's request for attachment, and because Plaintiff never

---

[1] Defendants state that Plaintiff signed a note on March 24, 2017, promising to pay $1,000,000 with interest, in 36 monthly installments of $30,195.90. As of June 30, 2020, the remaining balance is $603,237.22. Defendants' Opposition at 1 (ECF No. 95).

averred the absence of insurance coverage. Defendants note that they requested, at the hearing on the motion, to be heard further if the ruling went against them. They also argue "it is customary" for a plaintiff seeking attachment to submit an affidavit concerning the defendant's insurance coverage. Motion to Dissolve or Vacate at 3.

Defendants' motion is perplexing. Defendants are proceeding on these matters as if they were a series of one act plays. Maine Rules 4A and 4B clearly state that the expectation on attachment proceedings is that the defendant will make a showing when insurance or some other security is available to reduce or obviate the need for attachment. Yet, Defendants did not make a showing to satisfy their burden in opposition to Plaintiff's request, despite the passage of many, many months in which they might have rehearsed their lines. Even now, they are at it again, asking that I conclude that insurance coverage exists based exclusively on their presentation of declarations pages from assorted policies, without any proffer concerning the actual coverage terms and, evidently, without producing the policies for Plaintiff to consider. In the event I am not convinced by this second act, Defendants ask that I remain seated for Act 3, in which they will reveal some other suitable asset they think might be a good substitute for attachment on trustee process. Motion at 4 ("request[ing] in the alternative that this Court set a hearing or allow additional submission such that it may exercise its discretion to select particular assts or credits to be attached in satisfaction of the attachment").

"As the moving party on the motion to dissolve, … the burden of proof [lies] with [the Pettegrows] to establish the adequacy of [their] insurance." *Beesley v. Landmark Realty, Inc.*, 464 A.2d 936, 938 (Me. 1983). In the context of a motion for attachment that

3

proceeded to a contested hearing, it was also the Pettegrow's burden in the first instance. "[E]ven on an original motion for an attachment heard on notice to a defendant, the offsetting sources of other security must be 'shown by the defendant to be available to secure the judgment.'" *Maine Nat. Bank v. Anderschat*, 462 A.2d 482, 484 (Me. 1983) (quoting Me. R. Civ. P. 4B(c)).

The Pettegrow Defendants did not offer anything to support their insurance contention at the hearing, and the declarations pages they now offer provide no real insight into the availability of coverage. Declaration pages barely declare the existence of an insurance policy for some loss, at some time, for some insured. They decidedly say even less about whether insurance coverage obtains in any particular case. Were it not so, insurance law practitioners and the courts would be deprived of the experience of wading through the reams of provisions relating to grants of coverage and exclusions that constitute the meat of commercial insurance forms.

## B.  Defendants' Motion to Reconsider

Defendants' reconsideration request takes a slightly different tack. They argue that because Plaintiff's showing relied on evidence first presented in a reply filing, they should have been able to stand on their motion to strike the reply submission, without fear that I might consider the evidence over their objection, even though the issue of *whether* to strike reply evidence was in question and there was precedent in which this Court relied in part on evidence first submitted in a reply filing. *See Hancock Lumber Co. Inc. v. Carbary*, No. 1:11-CV-317, 2012 WL 315645, at *2 (D. Me. Feb. 1, 2012).

Frankly, I would expect counsel to anticipate that I might rely on material evidence submitted in a reply and to move for leave to file a surreply, if there is countervailing evidence I should consider. Such a motion readily would be granted. Counsel cannot simply file a motion to strike, sit on their hands, and then complain of a lack of decorum because I did not request the submission of surreply evidence. Defendants' Motion for Reconsideration is denied.

### C.    Plaintiff's Motion for Order Preserving Property

Plaintiff requests that its monthly payments to Trenton Bridge be made into an escrow account. In support of its request, Plaintiff relies on the likelihood of success showing it made in support of its motion for attachment, along with some supplemental legal briefing.[2] Defendant argues the request is unreasonable because Plaintiff did not file a motion for preliminary injunction, should not receive an "additional attachment," and the additional relief would be an unwarranted exercise of the Court's power to "sanction" a party for misconduct in litigation. Defendants' Opposition at 2 (ECF No. 95).

Plaintiff request is not a request for a preliminary injunction. "Orders to deposit money with the court … do not constitute injunctions …." *Whitfield v. Mun. of Fajardo*, 564 F.3d 40, 45 (1st Cir. 2009). "A court has inherent power to regulate the litigation before it in order to preserve money likely to be the subject of the final judgment." *Zebrowski v. Hanna*, 973 F.2d 1001, 1004 (1st Cir. 1992). *See also HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 915 (1st Cir. 1988).

---

[2] I denied the request when first presented because it was not briefed.

I am persuaded by Plaintiff that the likelihood of success showing warrants the additional relief they propose. Accordingly, the motion is granted. The Trustee Disclosures on the docket indicate that Bar Harbor Bank and Trust holds several accounts owned by the Pettegrow Defendants. Plaintiff is hereby authorized to make payments on the Note to Bar Harbor Bank and Trust in care of Trenton Bridge Lobster Pound Inc., which payments will be subject to the trustee process awarded pursuant to the Memorandum of Decision on Plaintiff's Motion for Attachment and Trustee Process. This order is entered without prejudice to the parties' ability to request an alternative escrow after meeting and conferring to discuss any such proposal.

## CONCLUSION

Plaintiff's Motion for Order Preserving Property (ECF No. 76) is GRANTED. The Pettegrow Defendants' Motion to Dissolve or Vacate Attachment and Attachment by Trustee Process (ECF No. 80) and Motion for Reconsideration of the Memorandum of Decision on Plaintiff's Motion for Attachment and Trustee Process (ECF No. 85) are DENIED.

**SO ORDERED.**

Dated this 21st day of July, 2020.

                                        /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE