UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
|       Plaintiff | ) ) ) | |
| v. | ) ) | 1:19-cv-00552-LEW |
| WARREN B. PETTEGROW, et al., | ) ) ) | |
|       Defendants | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Defendants Anthony Pettegrow, Josette Pettegrow, and Warren Pettegrow ask the Court to reconsider the portion its September 16, 2020, Order on Discovery Issues (Order, ECF No. 121), by which the Court ordered Defendants to produce their redacted income tax returns for the years 2017-2019. (Motion, ECF No. 124.)  The Court denies the motion.

### DISCUSSION

Defendants maintain that the tax returns are not relevant to Plaintiff's claims, particularly as to the claims against Defendant Warren Pettegrow, and suggest that the order is inconsistent with the views expressed by the Court during a telephonic hearing on the issue.

"A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see it that way. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015)  (internal

quotation marks and citations omitted). "Ordinarily, a motion for reconsideration is appropriate only if a moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the moving party can demonstrate that the original decision was based on a manifest error of law or was clearly unjust." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 660 F. Supp. 2d 94, 97 (D. Me. 2009).

To the extent Defendants maintain that the Court made a ruling during the hearing and that the Court's order is inconsistent with the ruling, Defendants' argument is unavailing. First, at the conclusion of the telephonic hearing, the Court made clear that the parties' arguments during the hearing required further consideration and review of the record by the Court. Any suggestion that the Court's observation in the context of a question of counsel constitutes a ruling or must define the scope of the Court's order lacks merit. Furthermore, the Court does not construe the excerpt of the hearing transcript referenced in Defendants' motion as inconsistent with the Court's discovery order. As reflected by the Court's order and as suggested in the Court's question in the excerpt,[1] the relevant information is the income generated by Defendants Pettegrow through the lobster-related businesses. Consistent with the Court's observation during the hearing that Plaintiff is "not necessarily entitled" to learn of income that could be construed as unrelated to a violation of the Noncompetition Agreement (Motion at 3-4), in its order, the Court allowed Defendants to "redact the income and expenses on any tax return schedules for any

---

[1] In the excerpt, the Court asked counsel why a redaction of the income and expenses from any entities that are unrelated to a potential violation of the Noncompetition Agreement would be inappropriate.

business that is unrelated to the Pettegrows' lobster restaurant or lobster retail business." (Order at 1.)

As to Defendants' further challenge to the order, Defendants cite no new evidence or intervening change in the law to support their request for reconsideration. Rather, Defendants point to the same arguments (e.g., the allegations in Plaintiff's complaint, relevance) in support of their request for reconsideration as they made during the telephonic hearing. As noted above, a motion for reconsideration "is not an opportunity for the losing party simply to press his unsuccessful arguments a second time." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d at 217.

To the extent Defendants contend the order is "clearly unjust" as to Defendant Warren Pettegrow because he is not a party to the Noncompetition Agreement cited by the Court as a basis for its order, Defendants' argument is not persuasive. Regardless of whether Defendant Warren Pettegrow is a party to the agreement, the gist of Plaintiff's complaint is that Defendants Pettegrow worked in concert to generate revenue through efforts that violated common law, statutory law, and the Noncompetition Agreement. Indeed, upon consideration of Plaintiff's motion for attachment, the Court (Walker, J.) concluded that Plaintiff was likely "to substantiate its claim that [Anthony Pettegrow, Josette Pettegrow, Warren Pettegrow, Poseidon Charters, Inc., and Trenton Bridge Lobster Pound, Inc.] abused Warren Pettegrow's position of trust as CEO of [Plaintiff] to deprive [Plaintiff] of revenue in the amount of $1,438,181.23." (Memorandum of Decision on Plaintiff's Motion for Attachment and Trustee Process at 2-3, ECF No. 75.) Under the circumstances, the income of Defendants Pettegrow, including Defendant Warren

Pettegrow, from lobster-related businesses/efforts is relevant to the claims and defenses in this action. The Court's discovery order, therefore, is not "clearly unjust."[2]

In sum, "[t]he granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly," and Defendants have failed to establish that reconsideration of the Court's discovery order is warranted or appropriate. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006) (internal quotation marks and citation omitted).

## CONCLUSION

Based on the foregoing analysis, the Court denies Defendants' motion for reconsideration.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of November, 2020

---

[2] The issue for the Court was whether the tax returns likely included information relevant to the claims and defenses asserted in this action. Defendants' income/revenue generated from lobster-related businesses is relevant. Under the order, Defendants may redact information regarding income and expenses from sources other than lobster-related businesses. Because the Court is not privy to the tax returns, the Court is unaware of whether any other information in the returns is appropriate for redaction. If Defendants believe there are other specific items on the tax returns that should be redacted, Defendants can request a conference with the Court if they are unable to resolve the issue through consultation with Plaintiff's counsel.