UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR CLARIFICATION**

Plaintiff asks the Court to clarify its March 24, 2021, discovery order. (Order, ECF No. 176.) Plaintiff specifically asks the Court to clarify whether the order, which requires Plaintiff to produce certain documents of Plaintiff's pricing and purchasing of lobsters, is limited to purchases of lobsters, is limited to the lobsters from the BJ Co-op and Trenton Bridge. (Motion, ECF No. 177.)

As Defendants note, Plaintiff's motion is essentially a request for the Court to revisit or reconsider the discovery order. That is, Plaintiff argues for a limitation on the scope of the order. To be entitled to reconsideration, a party must demonstrate "(1) the availability of new evidence not previously available, (2) an intervening change in controlling law, or (3) the need to correct a clear error of law or to prevent manifest injustice." *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (citation and internal quotation marks omitted).

Plaintiff has not demonstrated a basis for reconsideration. Because the prices charged and paid for lobsters are relevant to Plaintiff's claimed damages as well as Plaintiff's assertions of misrepresentation, the Court discerns no reason to reconsider its decision. Accordingly, the Court denies Plaintiff's motion for clarification.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 7th day of April, 2021.