UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:19-CV-00552-LEW |
| WARREN B. PETTEGROW, et al., | ) ) ) | |
| Defendants | ) | |

### **ORDER**

Given Defendants' indication that they do not object to Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 146), the motion is GRANTED. Relatedly, Defendants' request (see ECF No. 164) for an enlargement of the deadline to answer the First Amended Complaint is GRANTED. The time to answer is hereby enlarged to 21 days for all Defendants.

Defendant's Motion for Leave to Amend Answer and Counterclaims, and to Join the IAMAW, the MLU, and David Sullivan (ECF No. 154) is GRANTED. Defendants' motion, being timely, should be granted freely unless granting it would produce a manifest injustice, such as undue delay or prejudice to the opposing party, or reward bad faith conduct, or serve no purpose because the newly proposed claims are futile. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff does not oppose the motion on grounds of futility or undue delay, but rather contends the timing of the motion is prejudicial to Plaintiff's interest in achieving justice through a solitary proceeding and avoiding potentially inconsistent outcomes in arbitral and judicial forums. Plaintiff's prejudice argument is unconvincing because it is not apparent that allowing the amendment gives Warren Pettegrow an unfair advantage in this litigation. It is appropriate for the

Defendants, including Warren Pettegrow, to present and thereby preserve all claims and defenses available in this forum. The Motion to Amend is therefore GRANTED. In the interest of parity, Plaintiff's time to answer the amended counterclaims is enlarged to 21 days.

As for Plaintiff's contention that the expanded counterclaims demonstrate the need to stay the arbitration proceeding in favor of one unified action in this Court, Warren's assertion of claims against third parties is not a waiver of his right to arbitrate his employment dispute with Lobster 207. Furthermore, staying the arbitration in order to give primacy to this litigation is at odds with the Federal Arbitration Act, 9 U.S.C. § 2, which states that agreements to arbitrate are "valid, irrevocable, and enforceable" absent grounds to revoke the contract. No such ground exists. Finally, Lobster 207 might have contemplated the possibility of multi-party litigation and included an exception to arbitration under Warren's Employment Agreement in the event of multi-party litigation, but it did not do so.[1] I am not persuaded that it is wise policy for a district court judge to reformulate the balance selected by the contracting parties on the basis of some federal common law principle that is not well established in precedent, assuming it would not be a manifest abuse of discretion to do so for a reason other than fraudulent inducement or waiver.[2] Accordingly, Plaintiff's renewed request to stay arbitration (ECF No. 165 at 8-10)

---

[1] This kind of eventuality is foreseeable and there exist arbitration schemes that account for it. *See*, *e.g.*, *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 & n.5 (1989) (discussing how contracting parties' choice-of-law allowed for application of such a stay). There is no reason why Lobster 207 and Warren Pettegrow could not have considered and fashioned an arbitration agreement of that kind.

[2] For fraud in the inducement, *see Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 377 (1st Cir. 2011); for waiver, *see Joca-Roca Real Estate, LLC v. Brennan*, 772 F.3d 945, 948 (1st Cir. 2014).

is DENIED.

Defendants' Motion for Leave to File a Sur-Reply (ECF No. 174) is DENIED AS MOOT.

**SO ORDERED.**

Dated this 29th day of April, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE