UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO RETAIN CONFIDENTIAL DESIGNATION**

Pursuant to the Confidentiality Order in this case (Order, ECF No. 132), Plaintiff designated certain documents as "confidential." Following Defendants' objection to Plaintiff's confidential designation of recordings of phone conversations between Plaintiff's then-marketing director and various individuals during a seven-month period prior to the filing of this lawsuit (the documents), Plaintiff moves to retain the confidential designation. (Motion, ECF No. 197.) Defendants oppose the motion. (Opposition, ECF No. 210.)

After a review of the relevant portions of the record, and after consideration of the parties' arguments, the Court denies Plaintiff's motion without prejudice and orders further proceedings regarding the documents.

### DISCUSSION

The party seeking to maintain its confidentiality designation "has the burden to show good cause" for the designation. Order ¶ 9(c); *Sea Hunters, LP v. S.S. Port*

*Nicholson*, No. 2:08-cv-272-GZS, 2014 WL 2117358 (D. Me., May 21, 2014). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). "The showing of good cause for the confidentiality designation 'should be made with appropriate specifics.'" *Ouellette v. Gaudette*, No. 2:16-cv-53-DBH, 2016 WL 7263044, at *2 (D. Me. Dec. 14, 2016) (quoting 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2043 (3d ed. 2004)).

The Confidentiality Order provides that a party "may designate documents as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney … who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information." (Order ¶ 3.) A party may serve an objection to the designation and in the objection, the party "shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents." (*Id*. ¶ 9(a).) The Order directs the parties to meet and confer "in a good faith effort to resolve the objection by agreement," and if that effort fails, the designating party must file a motion to retain the confidential designation. (*Id*. ¶¶ 9(b)-(c)).

Plaintiff contends that the designated documents "discuss highly sensitive proprietary information concerning Lobster 207's pricing practices, its employment and investigation of [Defendant] Warren Pettegrow, as well as general business practices."

2

(Motion at 2.)[1]  According to Defendants, the "recordings, and transcripts of [the] recordings, are not protected from disclosure by statute, and they do not contain the personal information, trade secrets, personnel records, or commercial information that may otherwise protect recorded communications from disclosure." (Motion, Exhibit A, ECF No. 197-1.)

Each party maintains that the other party failed to provide the specificity to support their respective positions as required by the Confidentiality Order.  In response to Plaintiff's confidential designation of the documents, Defendants asserted that none of the recordings contains confidential information under the Confidentiality Order.  Given that a review of the three transcripts filed by Plaintiff reveals that some portions of the recordings might contain confidential information while other portions might not, Plaintiff's contention that Defendants did not assert a specific objection in accordance with the Confidentiality Order is not without some merit.  Defendants broad objection, however, is likely in part the product of Plaintiff's blanket designation of all the documents as confidential even though some portions of the documents are arguably not confidential. Although some of the documents might "merit a confidentiality designation, [Plaintiff] is not entitled to summarily designate all [of the documents] as confidential." *Ouellette*, 2016 WL 7263044, at *2.  "[I]t is counsel's burden to first review the [documents] and designate those portions that are alleged to be confidential.  It is not proper practice to designate the entire" set of the documents "confidential."  *Bailey v. Me. Comm'n on Govt'l Ethics &*

---

[1] Plaintiff attached to its motion transcripts of three recordings in support of its contention.

*Election Practices*, No. 1:11-cv-00179-JAW, 2011 WL 6444585, at *4 (D. Me. Dec. 19, 2011).

Because the Court considers both the designation and the objection to lack the detail required by the Confidentiality Order, because the Court recognizes that some portions of the documents might contain confidential information, and because the Court discerns no prejudice to the parties if a decision as to the merits of the designation is deferred until after the parties have communicated further about the relevant issues,[2] the Court will deny Plaintiff's motion without prejudice, but allow Plaintiff to maintain the designation at least temporarily to allow time for the parties to communicate further about the designation.

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiff's motion. The Court orders:

1. If Plaintiff wants to maintain the confidential designation for any or all of the documents, within 21 days of the date of this order, Plaintiff shall notify Defendant of the documents for which Plaintiff seeks to maintain the confidentiality designation in sufficient detail for Defendants to assess the merits of the designation.

---

[2] One purpose of a confidentiality order is to facilitate the exchange of relevant information without the need for a party to seek protective order whenever the party believes a discovery request requires the production of confidential information. A confidentiality order allows the parties to produce the information in discovery and defer the resolution of any disagreements they might have as to whether certain information should be considered confidential. Plaintiff has produced the documents and the Court is not aware that Defendants would be prejudiced if a final decision on the confidentiality of the documents is deferred to permit the further proceedings set forth herein.

2. If Defendants object to any of Plaintiff's designations, in accordance with the specificity requirement of paragraph 9(a) of the Confidentiality Order, Defendants shall identify the documents Defendants contend do not warrant the confidential designation and explain the reason(s) for each objection.

3. Counsel shall meet and confer to attempt to resolve any disputes regarding the designation.

4. If any dispute remains unresolved, Plaintiff may move to retain the confidential designation.

5. Unless Plaintiff fails to designate the documents as confidential in accordance with paragraph 1 above or the parties otherwise agree, the confidential designation of the documents shall remain until further order of the Court.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of July, 2021.