UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-cv-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

Defendants Anthony D. Pettegrow, Josette G. Pettegrow, Trenton Bridge Lobster Pound, Inc., Warren B. Pettegrow, and Poseidon Charters, Inc., (Defendants Pettegrow) ask the Court to reconsider its order mooting their motion for leave to file a motion to compel. (Order, ECF No. 209; Motion for Reconsideration, ECF No. 221.)

After a review of the relevant portions of the record, and after consideration of the parties' arguments, the Court grants in part the motion to reconsider, reiterates its denial of the motion for leave to file a motion to compel, and addresses the discovery issues generated by the parties' filings.

**DISCUSSION**

Following a telephonic conference with counsel on a discovery issue, the Court ordered Plaintiff to "produce the pricing records, purchasing records, and federal/state landings (SAFIS or Trip Ticket) [requested by Defendants Pettegrow] through the date of this Order (March 24, 2021)." (Discovery Order at 2, ECF No. 176.) Defendants

Pettegrow subsequently requested leave to file a motion to compel discovery alleging that Plaintiff failed to produce the documents as ordered. (Motion for Leave, ECF No. 204.) Plaintiff responded that it recently produced the documents. (Response, ECF No. 208.) Based on Plaintiff's representation, the Court concluded that the motion was moot but noted that if Defendants Pettegrow did not believe the motion was moot, they could ask the Court to reconsider the order. (Order, ECF No. 209.)

Defendants Pettegrow ask for reconsideration and argue that Plaintiff failed to comply with the Court's Discovery Order (1) by marking the entire production as "ATTORNEYS EYES ONLY," a designation not contemplated by the Confidentiality Order entered in this case; (2) by failing to provide all the purchasing records data, which is electronically stored, in its native format and by redacting certain information; and (3) by failing to search for and produce the SAFIS records for the period requested and by redacting certain information. (Motion for Reconsideration at 5.)

Plaintiff contends it produced its QuickBooks data showing the prices it paid to all suppliers for lobsters and the volume of lobsters it purchased from all suppliers from April 4, 2019 through April, 2021, and all its SAFIS or other governmental landings reports from April 6, 2019 through April 30, 2021. (Response at 3, ECF No. 223.) Plaintiff asserts that it designated documents "ATTORNEYS EYES ONLY" because the documents contain highly sensitive pricing information for the current (2021) season and Defendant Warren Pettegrow currently leases a smack boat to one of Plaintiff's competitors. (*Id.*) Plaintiff also notes that Defendants set the precedent for using the designation in their own production. (*Id.* at 4.) Plaintiff further asserts that it redacted the names and license

numbers of individual fishermen, but it did not redact the names of the docks and other buying stations, the dock level information, or any volume and price information. (*Id.*) Regarding the SAFIS reports, for the period between March 24, 2017 and April 5, 2019, Plaintiff states that it did not purchase lobsters directly from any fisherman and thus did not file any SAFIS reports. (*Id.* at 4.)[1] Plaintiff evidently produced its complete QuickBooks files in native format only for the period of Defendant Warren Pettegrow's employment. (*See* Response at 6.)

Because Defendants Pettegrow have demonstrated that some discovery issues are unresolved, the Court grants the motion for reconsideration. *See Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (party entitled to reconsideration of a prior order where the party demonstrates "the availability of new evidence not previously available."). The Court will address the discovery issues in this order. The Court, therefore, denies the motion for leave to file a file a motion to compel.

## CONCLUSION

The Court grants Defendants' Pettegrow motion for reconsideration, reiterates is denial of Defendants' motion for leave to file a motion to compel, and orders:

1. <u>Attorneys Eyes Only Designation</u>. While the Confidentiality Order does not include an "attorneys eyes only" designation, based on the parties' submissions, the Court

---

[1] Plaintiff attached to its response to the motion for reconsideration correspondence with counsel for Defendants Pettegrow, which correspondence included a printout of a search inquiry for Plaintiff's SAFIS reports filed during this period. The inquiry returned no results. (Response, Exhibit B at PageID # 3902, ECF No. 223-2.)

understands that Plaintiff and at least some of the defendants have used the designation in response to discovery requests.  If a party objects to another party's "attorneys eyes only" designation, the party shall follow the objection procedure in the Confidentiality Order.  Under the Confidentiality Order, a party may serve an objection to a designation and in the objection, the party "shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents."  (Confidentiality Order ¶ 9(a).)  The order further directs the parties to meet and confer "in a good faith effort to resolve the objection by agreement," and if that effort fails, the designating party must file a motion to retain the designation.  (*Id*. ¶¶ 9(b)-(c)).  Plaintiff may maintain the designation in the interim.

    2. <u>Names and License Numbers of Fishermen</u>.  As the Court noted in the Discovery Order, Plaintiff's pricing and profitability are probative of Plaintiff's misrepresentation and damages claims.  The Court is not convinced the redacted information (i.e., the names and license numbers of the fishermen) is probative of the claims or defenses.  Plaintiff is not required to provide the names and license numbers of the fishermen.

    3. <u>Data in Native Format</u>.  Plaintiff produced some, but not all, of the requested data in native format.  Unless Plaintiff can establish through a motion for protective order filed by August 13, 2021, that the production of the information in native format is unduly burdensome, Plaintiff shall produce the information in native format.

    4. <u>SAFIS Reports</u>.  Plaintiff represents that documents for the period between March 24, 2017, and April 5, 2019, do not exist.  Unless on or before August 13, 2021,

Defendants Pettegrow submit evidence to establish that Plaintiff possesses SAFIS documents for the period, the Court will consider this issue resolved.

The Court will convene a conference of counsel to address future discovery in the case.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 3rd day of August, 2021.