UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-CV-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, | ) | |
| ANTHONY D. PETTEGROW, | ) | |
| JOSETTE G. PETTEGROW, | ) | |
| STEPHEN M. PEABODY, | ) | |
| POSEIDON CHARTERS INC., | ) | |
| and TRENTON BRIDGE | ) | |
| LOBSTER POUND, INC., | ) | |
| | ) | |
| Defendants | ) | |

**AMENDED ORDER ON PLAINTIFF'S RENEWED MOTION
TO RETAIN CONFIDENTIAL DESIGNATION (ECF 244)**

The matter is before the Court on Plaintiff's Renewed Motion to Retain Confidential Designation or, in the alternative, for issuance of a protective order under Rule 26.

On November 2, 2020, the Court issued its Confidentiality Order (ECF 132) in which it authorized the parties to designate discovery materials as confidential and subject to protective order. The Confidentiality Order specifies that a party may designate discovery materials confidential if counsel "has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercial information." Conf. Order at 2 ¶ 3.

The designation, unless lifted by the Court, greatly restricts the ability of any party to use or disclose the materials in question. It also requires that the parties move to seal and/or redact any filing that references or contains designated materials. As a consequence, the Court will at times make rulings on pretrial motions based on its review of materials that are unavailable to members of the public who may be interested in the Court's proceedings. This is in contravention of the legal presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). *See also In re Providence Journal*, 293 F.3d 1, 9 (1st Cir. 2002) ("Courts have long recognized 'that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). Because of this tension between a party's interest in confidentiality and the public's interest in understanding judicial proceedings, when a designation of confidentiality is challenged it is the burden of the proponent of the designation to justify the designation. Confidentialy Order ¶ 9(c). As Magistrate Judge Nivison advised the parties, the burden demands specifics and blanket designations are disfavored. July 22, 2021 Order on Motion to Retain Confidential Designation (ECF 234) (citing, *e.g.*, *Ouellette v. Gaudette*, No. 2:16-CV-53-DBH, 2016 WL 7263044, at *2 (D. Me. Dec. 14, 2016)).

In this matter, certain of Plaintiff's officers or representatives participated in telephone communications that were recorded by an app installed on one participant's cell phone. Plaintiff has disclosed over 300 recordings through the discovery process and has designated all of the recordings as confidential and subject to protective order. The parties have had ample opportunity to review the content of these calls and the record before the

Court now includes a 30-page log prepared by Defendants that cherry picks certain statements found in certain recordings while reserving the right to identify other statements in the future. Motion to Seal, Ex. A (ECF 245-1). The statements identified by Defendants, in general, disparage Defendants and one Defendant in particular, often using colorful language.

In Defendants' view, the statements it has culled from the recordings are probative of the merits of the claims and defenses raised in this action, do not disclose confidential matters, and therefore should have the confidential designation lifted from them. Plaintiff, on the other hand, maintains that the calls all involve conversations about commercially sensitive information and are deserving of protection on that basis.

Plaintiff's characterization appears to be a fair generalization of the context of the calls based on the manner in which the parties have framed this contest over the course of repeated conferences with the presiding magistrate judge. However, this case generates a legal controversy concerning those very same commercially sensitive circumstances. Ordinarily, matters are litigated without opening the parties' records to public inspection and, consequently, materials exchanged in discovery are not shared with the public unless and until they are entered on the docket for purposes of a court ruling. Nevertheless, the fact that the subject matter of the statements itemized in Defendants' log concern the callers' views on the merits of the commercial dispute pending before the Court tends to attenuate the persuasiveness of Plaintiff's blanket approach to designating as "confidential" the entirety of every recording disclosed in discovery. The statements will no doubt be

introduced by Defendants in the context of future merits-based proceedings. The issue is one of timing; not whether the statements will ever be exposed, but when.

Before I address Plaintiff's arguments for maintaining the confidential designation on the grounds actually set forth in the Confidentialiy Order, let me quickly dispatch Plaintiff's thematic argument that I should consider first what potential use Defendants would make of the materials if the designation is lifted in whole or in part. That is not part of the standard we are concerned with here today. The burden is on Plaintiff to justify the designations with specifics concerning the harm to its privacy interest that will result in the event of disclosure.

Concerning the sensitivity of Defendants' cherry-picked excerpts, Plaintiff argues that the underlying conversations all concern "Lobster 207's business operations, trade secrets, personnel issues and business strategy" and that it is impractical and prejudicial to their interest to "[i]solat[e] individual sentences from these conversations on grounds that a sentence itself per se does not contain confidential information." Renewed Motion at 7. Plaintiff also observes that the isolated passages lack context and that, consequently, Plaintiff will be unable to push back against potential misuse of the statements in the public sphere without disclosing the context in which they were made, thereby exposing the commercially-sensitive scenario that motivated the statements. *Id.* at 7-8.

Given the subject matter of this litigation, and given the Defendants' effort to cull specific statements made by the callers that would ordinarily be fodder for cross examination designed to expose bias or animosity, I am not persuaded that Plaintiff has justified the extension of its blanket designation to cover the statements itemized by

4

Defendants in Exhibit A (ECF 245-1). For this reason, Plaintiff's Motion is DENIED IN PART. Specifically, to the extent Plaintiff seeks to maintain the confidentiality designation on the cherry-picked passages, the request is denied, though the designation will be maintained on the balance of the recordings.

Plaintiff asks, in the alternative, that the Court issue a protective order that prevents disclosure of the statements. Federal Rule of Civil Procedure 26(c) authorizes a court to issue an order to protect a party against "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The protective order rule exists because modern discovery practices effectively compel litigants to disclose relevant materials to their adversaries. Here, "[a]s in all civil litigation, [Defendants] gained the information they [presumably] wish to disseminate only by virtue of the trial court's discovery processes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984). Because the material in question was acquired solely by operation of Rule 26, "continued court control over the discovered information does not raise the same specter of government censorship that such control might suggest in other situations." *Id.*[1] Moreover, because we have not yet reached a proceeding on the merits, "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." *Id.* at 33.

I now find that a protective order is appropriate, but not one that is coextensive with

---

[1] As the Supreme Court observed:

> Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c).

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984).

the degree of protection available under the Confidentiality Order. I therefore GRANT IN PART the Motion on its alternative request for a protective order, but not the full measure of protection requested, as outlined in the Conclusion of this Order.

## Conclusion

Plaintiff's Renewed Motion to Retain Confidential Designation (ECF 244) is DENIED IN PART and GRANTED IN PART. Specifically, the confidential designation will be lifted from those portions of the recordings identified by Defendants in Exhibit A under the column "Defendants' Designation of Material That is Not Confidential," but the confidential designation will remain in place for the balance of the recordings. Plaintiff's alternative request for a protective order is GRANTED: Defendants are authorized to use the statements in the course of trial preparation, which includes disclosure of the statements to witnesses to develop and support Defendants' merit-based litigation efforts. Defendants are ordered not to disclose the statements publicly. The Court will revisit the issue at the summary judgment stage of the proceedings.

**SO ORDERED.**

Dated this 17th day of November, 2021.

                                            /s/ Lance E. Walker
                                            UNITED STATES DISTRICT JUDGE