UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

LOBSTER 207, LLC,                          )
                                           )
      Plaintiff and Counterclaim     )
        Defendant,                  )
                                           )
v.                                         )          1:19-CV-00552-LEW
                                           )
WARREN B. PETTEGROW,  et als.,             )
                                           )
      Defendants and Counter-        )
      claim Plaintiffs               )

## ORDER CONCERNING ARBITRATION AWARD

On August 23, 2021, Arbitrator Frederick Connelly, Jr., returned his Final Award (ECF 242-4) concerning the employment dispute between Warren Pettegrow and Lobster 207, which dispute lies at the core of this case. The arbitration was requested by Warren Pettegrow and compelled by this Court on his motion. Mem. of Dec. and Order on Def.'s Mot. to Dismiss and Warren Pettegrow's Mot. to Compel Arbitration 16-23 (ECF 72); Mot. to Compel Arbitration (ECF 44).

The Arbitrator's findings and Final Award were a resounding defeat for Warren Pettegrow. The Arbitrator found ample cause for Pettegrow's termination from his position as Lobster 207's CEO and awarded Lobster 207 damages in the amount of $1,021,000 for Pettegrow's breach of his non-competition agreement and the duty of loyalty attendant to his CEO position. Final Award 21; *see also id.* 17 (characterizing the underlying conduct as "acts of dishonesty and gross misconduct"). Additionally, although the Arbitrator

understood that Lobster 207 paid Pettegrow only part (less than half) of his volume-based compensation, the Arbitrator denied Pettegrow a wage recovery.

The matter is now before the Court on Plaintiff Lobster 207's Motion to Confirm Abrbitration Award (ECF 242) and Defendant Warrant Pettegrow's Motion to Vacate the Arbitration Award (ECF 248). Lobster 207 argues that the Final Award should be confirmed as written; Pettegrow argues the Final Award should be vacated in its entirety because the denial of contract wages reflects manifest disregard toward Maine wage law. The competing contentions arise under, respectively, Sections 9 and 10 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-10.[1]

## FACTS

The central material facts are found in the Employment Agreement's for-cause termination provision and non-competition provision, which read:

**6.    Termination of Employment**.

6.1 Termination for Cause.

(a) Company may not terminate Employee's employment hereunder during the term of this Agreement, except for "Cause" as defined in Subsection (b) below. If the Company terminates the Employee for 'Cause' as defined in Subsection (b) below, the Employee shall be entitled only to: (i) Compensation and benefits earned to the date of termination of employment; and (ii) such other benefits as may be provided under the group benefits policies or programs of the Company in effect at the time, and in which the Employee is eligible to participate. All other obligations of the Company under this Agreement shall cease. No year-end profit-sharing shall be due for the year of dismissal or any following year if Employee is terminated for 'Cause'.

                                        ***

**8.    Non-Competition Agreement.**

---

[1] Neither party has petitioned for modification of the Final Award under 9 U.S.C. § 11.

***

      8.5 The Employee acknowledges that any breach of the covenants contained in Sections 7 or 8 of this Agreement shall result in material, irreparable injury to the Company for which there is no adequate remedy at law, that it will not be possible to measure damages for such injuries precisely and that, <u>in the event of such a breach, all obligations of the Company to the Employee, including its obligations under this Agreement, shall cease</u>, and the Company shall be entitled to obtain a temporary restraining order and/or a preliminary or permanent injunction restraining him from engaging in activities prohibited Sections 8 or 9 of this Agreement, or such other relief as may be required to enforce any of the covenants in Sections 8 or 9 of this Agreement in addition to any and all other such relief as may be available and to which the Company may be entitled.

Employment Agreement (emphasis added) (ECF 44-1). The salient distinction between the two provisions is that the termination provision states that Pettegrow will be paid through the date of termination in the event of a "for cause" termination, whereas the non-competition provision states that a breach of its covenants will result in the cessation of all outstanding obligations owed to Pettegrow by the Company.

The remaining material facts concern the Arbitrator's conduct of post-arbitration proceedings and his Final Award. Following the arbitration hearing, the Arbitrator requested post-hearing briefs and identified issues he wanted the parties to brief. Among these issues was the following: "Is Section 8 of the Employment Contract, which allows the employer to cease all obligations to the employee, a violation of Maine law?"     Dear Counsel E-mail (ECF 250-4). The parties briefed the issue with citation to authority. *See* Post-Hearing Briefs (ECF 250-5 at 38-39, 250-6 at 35-36). The Arbitrator resolved the issue as follows:

      § J.   <u>Reliance On The Non-Competition Provision Is not Contrary To Maine Law</u>.

3

> The Claimant argues that Warren Pettegrow bargained for the termination for cause section of the Employment Agreement. This ignores the obvious fact that Warren Pettegrow, represented by counsel, also bargained for the non-compete provisions of the same contract. The Claimant argues it is black letter law that a contract should be construed to give force and effect to all of its provisions. But that also applies to the detailed non-compete provision, which would be rendered meaningless or at least toothless if Claimant's argument was adopted.

Final Award 15.

Later in the Final Award, the Arbitrator explained that although the termination for cause provision stated that Pettegrow would be paid compensation earned through the date of termination, the non-competition provision did not include similar language and instead stated that all outstanding obligations would cease in the event of a non-competition breach. Final Award, 17-18. The Arbitrator also found and reasoned that: (1) the non-competition provision's sanction for breach – cessation of the company's obligations to Pettegrow – was triggered early in Pettegrow's tenure because he was competing with the company from the start; (2) Pettegrow's misdeeds would have justified his immediate termination at an earlier date; (3) it would "make little sense that a company would be obligated to pay wages to its CEO for the period he was harming the company by competing with it"; (4) the compensation Pettegrow did receive – $374,623 over roughly two years – demonstrated that Pettegrow had not been made to work without compensation; and (5) Pettegrow had caused Lobster 207 to pay some portion of his compensation to Poseidon Charters for tax avoidance purposes. Final Award 17-18.[2]

---

[2] After Lobster 207 filed its motion and before Pettegrow filed his, Pettegrow petitioned the Arbitrator to correct the Final Award, contending in part that denial of any compensation for the volume of lobster he *(continued next page)*

**DISCUSSION**

## A.   Federal Arbitration Act Standards

The Federal Arbitration Act sets out the exclusive grounds upon which a Court can vacate or modify an arbitration award. *Hall St. Assocs*., *L.L.C. v. Mattel*, *Inc*., 552 U.S. 576, 578, 581 (2008). Here, I consider vacatur alone. There is no request for modification. Of the statutory grounds for vacatur, only one warrants discussion.[3] A United States District Court "may make an order vacating the award … where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). This is an exacting standard. The FAA disfavors post hoc substantive tinkering with arbitral awards. *Hall St.*, 552 U.S. at 582. This disfavor extends to judicial orders designed to cure "legal errors" in arbitral awards, *id.* at 585, restricting the availability of vacatur to "egregious departures" and "extreme arbitral conduct," *id.* at 586. The Supreme Court has ovserved that any lesser standard would threaten the efficacy of arbitration by "open[ing] the doors to … full-bore legal and

---

purchased violated Maine law related to employee wages. The Arbitrator summarily rejected the petition in the following, one-paragraph order:

> The Arbitrator is in receipt of the Claimant's "Petition Pursuant to Rule 40 of the AAA Employment Arbitration Rules" and the "Respondent's Response to Claimant's Petition Pursuant to Rule 40 of the AAA Employment Arbitration Rules". After a careful review of the arguments presented, the Arbitrator denies the Petition. The Arbitrator disagrees with the Claimant's assertions that there was a computational error in the award or that the damages awarded amount to an unjust windfall to the Respondent. Further, to make the change Claimant requests would be to redetermine the merits of the claim, which the Arbitrator is not empowered to do.

Order of Arbitrator (ECF 250-1).

[3] The other statutory grounds involve procurement of an award through fraud and arbitrator partiality, corruption, or other misconduct, none of which applies here. 9 U.S.C. § 10(a)(1)-(3).

evidentiary appeals." *Id.* at 588.

To exceed arbitral powers or so imperfectly exercise them as to invite judicial intervention, the arbitrator must return an award untethered from the parties' underlying agreement that effectively imposes the arbitrator's own sense of industrial justice. *Axia Netmedia Corp. v. Mass. Tech. Park Corp.*, 973 F.3d 133, 140 n.9 (1st Cir. 2020). But so long as the arbitrator returns an award that "draw[s] its essence" from the underlying agreement and "even arguably" construes and applies its terms, *United Paperworkers Int'l Union*, *AFL-CIO v. Misco*, *Inc.*, 484 U.S. 29, 38 (1987), "the award must stand – even if the arbitrator committed serious legal or factual error." *Axia Netmedia*, 973 F.3d at 141.

So it is here. Simply stated, there is a solid basis to argue that the Final Award is rooted in the underlying employment contract's non-competition provision, which as written invites a conclusion that Lobster 207's outstanding obligations to Pettegrow, including in regard to compensation, ceased due to his competition against his employer. The Final Award also has the patina of common sense at the heart of its construction of the disputed terms. While the use of such practical tools in the pursuit of unraveling the mysteries of the law are admittedly not held in high regard in certain salons, I find it a reliable talisman to ward off contrivances. Because the Final Award is rooted in the underlying agreement, it must stand even if it is the product of legal or factual error, and therefore vacatur is not available under § 10(a)(4).

## B.    Manifest Disregard of the Law

Assuming for the sake of argument that Pettegrow's invocation of the "manifest disregard of the law" standard warrants discussion, *see Axia Netmedia*, 973 F.3d at 140 n.9;

*Hoolahan v. ICC Advanced Alloys Corp.*, 947 F.3d 101, 111 n.14 (1st Cir. 2020), "[a] party seeking to establish manifest disregard of the law … must demonstrate that the arbitrators appreciated the existence and applicability of a controlling legal rule but intentionally decided not to apply it." *Cytyc Corp. v. DEKA Prod. Ltd. P'ship*, 439 F.3d 27, 35 (1st Cir. 2006).

The Arbitrator did not disregard the law, but pointedly requested that the parties to the arbitration address the relevant legal question in post-hearing briefs. Although the Arbitrator's treatment of the issue was succinct, the Arbitrator considered the possibility that he might be bound by Maine wage law but ultimately concluded otherwise. Final Award § J. His assessment may have been legal error, but it was not manifest disregard of the law. As there is no indication in the Final Award or the record before me that the Arbitrator determined that the law required the payment of all outstanding compensation under the circumstances, I have no basis to conclude that the Arbitrator intentionally disregarded the law.

## CONCLUSION

Plaintiff's Motion to Confirm Arbitration Award (ECF 242) is GRANTED. Defendant Warren Pettegrow's Cross-Motion to Vacate Arbitration Award (ECF 248) is DENIED.

**SO ORDERED.**

Dated this 10th day of December, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE