UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:19-cv-00552-LEW |
| WARREN B. PETTEGROW *et al.*, | ) ) ) |
| Defendants. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR FINAL JUDGMENT

This matter is before the Court on Plaintiff's Motion for Entry of Final Judgment on Counts V and VII ("Motion") (ECF No. 271). For reasons that follow, the Motion is granted.

### BACKGROUND

On April 20, 2020, Warren Pettegrow moved to compel arbitration of Counts V and VII of Plaintiff's original complaint, which counts asserted claims for breach of fiduciary duty and breach of contract arising from Plaintiff's former employment of Pettegrow. *See* Motion to Compel Arbitration (ECF No. 44). These are the only two counts in the original Complaint—and now in the First Amended Complaint—for which Warren Pettegrow is the sole defendant, though Warren Pettegrow is also implicated in several of Plaintiff's additional claims for relief. *See generally* First Amended Complaint ("FAC") (ECF No. 184). The arbitrator found in favor of Plaintiff on both counts, while denying Pettegrow's related arbitration claim for unpaid wages, and awarded Plaintiff damages in the amount of $1,021,000. *See* Final Award (ECF No. 242-4). On December 10, 2021, I issued an order confirming the arbitration award and denying Warren Pettegrow's motion to vacate the award. *See* Order Concerning Arbitration Award (ECF No. 269).

## STANDARD OF REVIEW

Rule 54 provides in relevant part:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Rule 54 expresses a "sound judicial administration" policy, *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956), to enable appeals on or by some but not all claims or parties, so long as appeal is not apt to result in piecemeal appellate litigation that calls upon the "appellate court . . . to decide the same issues more than once," *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). There are two primary factors that guide the district court's exercise of Rule 54(b) discretion: first, that "the ruling in question is final," and second, that "there is no persuasive reason for delay." *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 317 (1st Cir. 2009).

The Federal Arbitration Act establishes the existence of both factors when it comes to the entry of judgment on the Order Concerning Arbitration Award. When a party moves for an order confirming, modifying, or correcting an arbitration award, the party is moving for "entry of judgment thereon." 9 U.S.C. § 13. When the court grants such a motion, the "judgment shall be docketed" in the same manner as, and "shall have the same force and effect" as, "a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." *Id.* Accordingly, judgment should enter on the claims resolved by the order confirming the arbitration award.

Assuming, arguendo, that the FAA does not supply a ready answer to the Rule 54(b) factors, *see Mountain Valley Prop., Inc. v. Applied Risk Servs., Inc.*, 863 F.3d 90, 94 (1st Cir. 2017), the entry of judgment on Counts V and VII is nevertheless appropriate. First, the confirmed arbitration award is final as to discrete claims raised in this controversy between Plaintiff and Warren Pettegrow. *See*

*Lee-Barnes v. Puerto Ven Quarry Corp.*, 513 F.3d 20, 24 (1st Cir. 2008) (finding that a judgment is final if it "dispose[s] of all the rights and liabilities of at least one party as to at least one claim") (quotation omitted). Second, piecemeal litigation here will not undermine judicial efficiency. Although the arbitrated claims and pending claims are factually interrelated, they are, at this point, legally unrelated—the only legal issue that Warren Pettegrow has raised in connection with the arbitration award is a collateral state law matter that does not bear on any of the pending claims. *See id.* at 25 n.2 (finding that at "step two of the Rule 54(b) analysis," the court must assess "1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review"). Accordingly, "there is no just reason [to] delay" the entry of judgment on Counts V and VII. Fed. R. Civ. P. 54(b).

## CONCLUSION

Plaintiff's Motion for Entry of Final Judgment on Counts V and VII (ECF No. 271) is **GRANTED**. The Clerk will enter judgment on the Order Concerning Arbitration Award (ECF No. 269).

**SO ORDERED.**

Dated this 26th day of January, 2022.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE