UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>WARREN B. PETTEGROW, et al., )<br>)<br>Defendants ) | 1:19-cv-00552-LEW |

**ORDER ON MOTION TO QUASH**

Plaintiff moves to quash six subpoenas served on third parties by Defendants Anthony D. Pettegrow, Josette G. Pettegrow, Trenton Bridge Lobster Pond, Inc., Warren B. Pettegrow, and Poseidon Charters, Inc. (Defendants Pettegrow). (Motion, ECF No. 270.) Defendants Pettegrow oppose the motion. Following review of the record and after consideration of the parties' arguments, the Court denies the motion.

### DISCUSSION

The Court previously ordered Plaintiff to produce "pricing records, purchasing records, and federal/state landings (SAFIS or Trip Ticket)" through March 24, 2021. (Discovery Order at 2, ECF No. 176.) The Court explained that, "given that Plaintiff seeks to recover the amount by which it overpaid for lobsters" due to the alleged misrepresentations of some of the defendants,

> Plaintiff's pricing and profitability are relevant…. That is, whether Plaintiff's pricing and its margins are comparable to the prices represented by the defendants is information that is probative of Plaintiff's misrepresentation and damages claims.

(*Id.* at 1.)

Following Plaintiff's production of documents and the production of documents by a third party, Black Pearl Seafood, LLC, Defendants Pettegrow served subpoenas duces tecum, in accordance with Federal Rule of Civil Procedure 45, on five individual fishermen[1] and Damon Family Lobster Company, Inc. (Subpoenas, ECF Nos. 270-1, 270-2.) The subpoenas directed to the individuals request documents relating to lobsters landed by them and sold to Plaintiff through Black Pearl Seafood, LLC, between April 4, 2019 and March 24, 2021. (Subpoena, ECF No. 270-1.) The subpoena to Damon Family Lobster Company, Inc. requests documents relating to smack boat and/or other services the company provided to Plaintiff within the same time. (Subpoena, ECF No. 270-2.)

Plaintiff argues the Court should quash the subpoenas because they: (1) request records "pertaining to lobsters landed … after [Defendant] Warren [Pettegrow]'s termination," which Plaintiff contends are irrelevant to the present action; (2) request information Plaintiff has already produced in the form of pricing records and documentation of Plaintiff's financial condition during the relevant time; (3) would require production of the recipients' confidential and proprietary commercial information regarding the pricing of lobsters, as well as their sources, volumes and grades; (4) are unduly burdensome; and (5) constitute retaliation against Plaintiff and those who do business with it. (Motion at 5-10.)

---

[1] The individuals are Shane Carter, Wyatt Beal, Thomas Grindle, Ron Musetti, and Eric Rodick. (ECF No. 207-1.)

Plaintiff lacks standing to prosecute the challenges it asserts. "'The general rule is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought.'"[2] *U.S. Bank Nat'l Ass'n v. James*, No. 09-84-P-JHR, 264 F.R.D. 17, 18-19 (D. Me. 2010) (quoting *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)); *see also Jacobs v. Connecticut Cmty. Tech. Colls.*, 258 F.R.D. 192, 194-95 (D. Conn. 2009) ("Ordinarily, a party does not have standing to move to quash a subpoena served on a third party. Rather, only the person or entity to whom a subpoena is directed has standing to file a motion to quash.") In other words, a party "has standing to move to quash a non-party subpoena if the information sought by the subpoena implicates a personal right or privilege of the party." *Ponder v. Ocwen Loan Servicing, LLC*, Civil Action No. 19-mc-91215-ADB, 2019 WL 2249675, at *2 (D. Mass. May 24, 2019).

A party generally cannot object to a subpoena based on relevancy "because only the responding third party can object and seek to quash a Rule 45 subpoena" on that ground. *Frazier v. Radioshack Corp.*, Civil Action No. 10-855-BAJ-CN, 2012 WL 832285, at *1 (M.D. La. Mar. 12, 2012). Unless Plaintiff identifies a "personal right or privilege" implicated by the request, Plaintiff cannot prosecute a relevancy objection to a subpoena served on a third party. *Ponder*, 2019 WL 2249675, at *2. Plaintiff has not identified the requisite right or privilege. In addition, the fact that Plaintiff might have produced some

---

[2] "These decisions are grounded in the principle that the person served with process is the proper party to allege error," except where "the movant can demonstrate that the information being sought is privileged." *In re Mitchell*, Bankruptcy Case No. 18-40736-JMM, 2019 WL 1054715, at *2 (D. Idaho Mar. 5, 2019).

or all the requested records provides no basis for Plaintiff to assert an objection on behalf of a third party.

Furthermore, a "plaintiff cannot challenge a … subpoena directed to a third party on the basis that it violates another person's privacy rights …." *Frazier*, 2012 WL 832285, at *1. "Even if the subpoena[s] implicate[] [the recipients'] own privacy interests such that [they] could assert those interests as … third part[ies]," Plaintiff "lack[s] standing to assert that privacy interest on [their] behalf." *Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506-ADB, 2020 WL 3492469, at *8 (D. Mass. June 26, 2020). Plaintiff, therefore, cannot assert any trade secret or proprietary information privileges the recipients might have.[3]

Finally, "[a] party does not have standing to quash a subpoena on the basis that the non-party recipient of the subpoena would be subjected to undue burden when the non-party has failed to object." *Finley v. Pulcrano*, No. 08-cv-00248, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008); *see also Coalview Centralia, LLC v. Transalta Centralia Mining LLC*, Case No. 3:18-CV-05639-RBL, 2019 WL 2563851, at *1 (W.D. Wash. Mar. 21, 2019) ("[A] party lacks standing to object to a subpoena issued to a non-party on grounds that the subpoena seeks irrelevant information or would impose an undue burden,

---

[3] While Rule 45(d)(3)(B) "specifically allows for a subpoena to be quashed by someone 'affected by' it in the event the subpoena requires: 1) 'disclosing a trade secret or other confidential research, development, or commercial information,' or 2) 'disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party,'" *In re Mitchell*, 2019 WL 1054715, at *2 (quoting Fed. R. Civ. P. 45(d)(3)(B)), Plaintiff does not argue that its own trade secrets or commercial information is implicated beyond the discovery previously permitted by the Court. Rule 45(d)(3)(B), therefore, does not confer standing on Plaintiff in this case.

4

'especially where the non-party, itself, has not objected.'" (quoting *First Am. Title Ins. Co. v. Commerce Assocs., LLC*, Case No. 2:15-cv-832-RFB-VCF, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017)).

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to quash. Given the issues generated by the parties' filings and their presentations during the telephonic hearing on the motion, the Court believes a conference with counsel to discuss issues related to the subpoenas and the future course of the case is warranted. The Court will convene a videoconference with counsel on February 24, 2022, at 10:00 a.m. Prior to the conference, counsel shall confer by videoconference regarding the specific discovery that each party believes is necessary before discovery will be complete.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of February, 2022.