UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | No. 1:19-CV-00552-LEW |
| WARREN B. PETTEGROW, et al., | ) ) ) | |
| Defendants | ) | |

## ORDER ON PLAINTIFF'S MOTION
## FOR PARTIAL SUMMARY JUDGMENT

The matter comes before the Court on Plaintiff Lobster 207's Motion for Partial Summary Judgment (ECF No. 335). Through its motion, Plaintiff seeks to remove from contention a laundry list of factual issues based on collateral estoppel, offering as grounds the arbitral award entered between Plaintiff and Defendant Warren Pettegrow and confirmed by this Court.

Based on the arbitration award that informs Plaintiff's motion, the Court entered a final judgment as to Counts V and VII, against Warren Pettegrow and in favor of Lobster 207, in the amount of $1,021,000.00, plus interest. Judgment (ECF No. 278). Plaintiff now moves the Court to enter "partial summary judgment" on twenty-four factual issues "adjudicated in connection with the arbitration of Counts V and VII." Pl.'s Mot. at 1. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Plaintiff has not marshalled its proposed findings in a memorandum of law

1

to explain why judgment should enter for it and against Warren Pettegrow and the other Pettegrow Defendants on any of the remaining claims or defenses in this action. For that reason, the motion is denied.

Although Plaintiff's request for summary judgment is denied, the question remains whether the Court must instruct the jury to accept certain of the arbitrator's findings, either as to Warren or the other Pettegrow Defendants, or to regard those findings as evidence during the jury's deliberations. Applying federal law[1] of issue preclusion, the question of whether a given finding in the arbitration award is preclusive is assessed based on five factors. The proponent of issue preclusion must establish that: (1) the issue in the current litigation is identical to that resolved in the prior litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue. *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012) ("Generally, final arbitral awards are afforded the same preclusive effects as are prior court judgments." (itemizing initial elements in a case

---

[1] Whether state law or federal law governs the preclusive effect of an arbitral award "is a complicated issue." *Sevigny v. Employers Ins. of Wausau*, 411 F.3d 24, 29 (1st Cir. 2005). Presumably, given that this federal district court has both confirmed the arbitration award (ECF No. 269) and entered final judgment on Counts V and VII based on the confirmed arbitration award (ECF No. 278), the preclusive effect of fact findings subsumed within the federal judgment is a function of federal law. *Silva v. City of New Bedford*, 660 F.3d 76, 78 (1st Cir. 2011); *cf. Wolf v. Gruntal & Co., Inc.*, 45 F.3d 524, 527 n.3 (1st Cir. 1995) (preclusive effect of unconfirmed arbitration award is a function of state law). In any event, Plaintiff advocates for the application of federal law and Defendants do not argue against it.

involving application of collateral estoppel against the same party to both litigations, but also observing that "the central question is whether a party has had a full and fair opportunity for judicial resolution of the same issue" (cleaned up))); *Wolfe v. Perry*, 412 F.3d 707, 716 (6th Cir. 2005) (itemizing all six elements for non-mutual issue preclusion); *S.E.C. v. Ridenour*, 913 F.2d 515, 518 (8th Cir. 1990) (same, party status presumed in itemization of elements); *Polk v. Montgomery Cnty., Md.*, 782 F.2d 1196, 1201 (4th Cir. 1986) (same).

On matters concerning or related to Warren Pettegrow's alleged dereliction of duty as CEO of Lobster 207, provided that the issue for which preclusion is requested is identical to one determined by the arbitrator and both necessary and essential to his award, all of the elements for issue preclusion will be met.  This means Warren Pettegrow will be precluded from relitigating in this action "a fact essential for rendering a judgment in [the] prior action between the same parties, even [though] different causes of action are involved." *Texaco P.R., Inc. v. Medina*, 834 F.2d 242, 245 (1st Cir. 1987).  He does not argue otherwise.

As for the remaining Pettegrow Defendants, including the Trenton Bridge Lobster Pound, the arbitrator's limited jurisdiction—jurisdiction that arose from and was limited to Warren Pettegrow's employment contract—prevented them from having any cause or opportunity to litigate in the arbitration forum.  For this reason, even assuming that an identity of interest (so-called "privity") might be established on one or more of the factual issues identified by Lobster 207, exercising my "broad discretion to determine when [collateral estoppel] should be applied," *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 331 (1979), I conclude that these other defendants should not be estopped from litigating

3

issues previously determined by the arbitrator insofar as those issues may be material to claims and defenses associated with the non-competition agreement, the asset purchase agreement, and any surviving tort theories against them. *See also id.* at 330–31 ("Allowing offensive collateral estoppel may . . . be unfair to a defendant . . . . where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result.").

Plaintiff's request for partial summary judgment is **DENIED**.

**SO ORDERED.**

Dated this 6th day of December, 2022.

                                               /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE