UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON STEPHEN PEABODY'S
### MOTION FOR RECONSIDERATION

Defendant Stephen Peabody requests that I reconsider my ruling on his summary judgment motion to the extent that it was denied. Motion to Reconsider (ECF No. 432). Specifically, Peabody contends that the price-related fraud claim discussed in the order on his motion (ECF No. 431) cannot be substantiated at trial because there is no evidence in the record of Albert Carver's historical, day-to-day prices against which to compare Trenton Bridge's historical, same-day payments to the BJ Co-op.

While reconsideration is not an opportunity to "reargue theories previously advanced and rejected," *Palmer v. Champion Mortg.*, 465 F.3d 24, 29-30 (1st Cir. 2006), a party may refine a request for relief when it perceives that the court overlooked one of its contentions. As an interlocutory order, the order on the motion for summary judgment comes within my "discretionary power to alter it at any time prior to the entry of the final decree." *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990). *See also*

*Nieves-Luciano v. Hernandez-Torres*, 397 F.3d 1, 4 (1st Cir. 2005) ("Interlocutory orders . . . remain open to trial court reconsideration until the entry of judgment." (cleaned up)).

I am not persuaded that there is cause to enter summary judgment for Peabody based on the parties' apparent inability to offer a day-by-day comparison of Albert Carver's historical pricing and the historical pricing relationship between Trenton Bridge and the BJ Co-op. My understanding of the record is that it was generally understood in the community that Albert Carver established the regional ceiling on lobster pricing offered by docks, such that any premium over and above his rate would necessarily exceed the market rate of every dock in the area. There is evidence in the record that Mr. Peabody would have appreciated what the going rate was and what the ceiling was, as Carver was known to announce his price, and Peabody has testified to his understanding that the margin Trenton Bridge historically paid to the BJ Co-op did not exceed even the going rate by as much as 20 cents, let alone Carver's rate.

## CONCLUSION

Defendants' Motion for Reconsideration (ECF No. 432) is DENIED.

**SO ORDERED**.

Dated this 28th day of February, 2023.

      /s/ Lance E. Walker
    UNITED STATES DISTRICT JUDGE