UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC,           )<br>                             )<br>     Plaintiff              )<br>                             )<br>     v.                      )     No. 1:19-CV-00552-LEW<br>                             )<br>WARREN B. PETTEGROW, et al., )<br>                             )<br>     Defendants             ) | |

## ORDER ON MOTION TO INTERVENE

Citizens Insurance Company of America and Hanover Insurance Company ("Movants") seek to intervene in this action "for the limited purpose of submitting special jury questions that pertain to insurance coverage issues." Motion to Intervene (ECF No. 473).

## Background

Movants were intervenor plaintiffs in a related action addressed to the existence of insurance providing coverage to Defendants Warren Pettegrow, Anthony Pettegrow, Josette Pettegrow and the Trenton Bridge Lobster Pound, Inc. ("Pettegrow Defendants"), based on claims advanced in this action by Plaintiff Lobster 207, LLC. In the related matter, the Court ruled that the Movants had the duty to defend the Pettegrow Defendants in this action.[1] The ruling rested on the fact that the Pettegrow Defendants' liability on

---

[1] *See Am. Fire & Cas. Co. v. Pettegrow*, No. 1:20-cv-00250-JDL (See ECF Nos. 77/78); *see also Pettegrow v. Ohio Sec. Ins. Co.*, No. 1:21-cv-00147-JDL (related, consolidated action).

Lobster 207's inventory conversion claim could be established with proof of accidental rather than intentional injury to or destruction of the inventory at issue.

## Discussion

The Movants request the opportunity to intervene so that they can propose a special verdict question to resolve the issue of whether liability for conversion, if found by the jury, is based on intentional or accidental conduct and the amount of damages awarded for conversion, thereby efficiently resolving the material issue that underlies their coverage dispute, without the need for duplicative fact finding in a later civil action.

"On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction" if the person "is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Known as "intervention as of right," this avenue for intervention in a lawsuit requires that the moving party satisfy every requirement (timeliness, interest, threat of impairment, and inadequate representation by existing parties). *Victim Rights Law Ctr. v. Rosenfelt*, 988 F.3d 556, 560 (1st Cir. 2021); *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472, 474 (1st Cir. 2015).

Intervention as of right is not the proper avenue for intervention here. The Movants' interest in the coverage question is not a direct interest; nor would its contingent interest in a liability finding impair or impede a later coverage contest. *See Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 640 (1st Cir. 1989) (insurer's interest in coverage question does not justify intervention as of right in action that will determine insured's liability since the

2

coverage question "is not related to the subject matter of the action"); *Secure Our City, Inc. v. ECI Sys., LLC*, 594 F. Supp. 3d 96, 102 (D. Mass. 2022) ("Courts have repeatedly declined to find that an insurer's interest satisfies that second requirement because such an interest is contingent rather than direct.").

Although intervention as of right is not a good fit here, on a timely motion a movant may be permitted to intervene when the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When considering whether to grant a motion for "permissive intervention" the court enjoys "very broad discretion" and "may consider almost any factor rationally relevant." *T-Mobile Ne. LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (internal quotation marks omitted). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Permissive intervention is an appropriate avenue for Movants to intervene in this case. *See, e.g.*, *Morra v. Casey*, 960 F. Supp. 2d 335, 338 (D. Mass. 2013) (allowing permissive intervention under analogous circumstances); *Secure Our City, Inc. v. ECI Sys., LLC*, 594 F. Supp. 3d 96, 103 (D. Mass. 2022) (same). The timing of the Movants' request, given the nature of their proposed, very limited participation, should not disrupt the progress of the case or prejudice the existing parties. Furthermore, the Movants' coverage-related defense shares with this action common questions of fact associated with their insureds' conduct and potential indemnification liability to their insureds. It, therefore, meets the core requirement of Rule 24(b)(1)(B). Finally, in regard to the exercise of

discretion, the resolution of one or more questions by the jury that can resolve the coverage dispute—the jury being in the best position to resolve the factual dispute over intentional versus accidental conduct and the question(s) being posed at the conclusion of the trial without undermining or interfering with the conduct of the trial—will likely allow the Movants, the parties, and the Court to avoid any duplicative and wasteful proceedings in another action. It will also be possible to allow the Movants' participation in this matter without informing the jury of the Movants' participation or interest. I recognize that details remain to be ironed out, but I have confidence that such a limited degree of participation can be achieved without adding unnecessary complexity, distracting the jury from the primary dispute between the existing parties, or prejudicing the jury against a particular party.

## Conclusion

For the foregoing reasons, the Motion to Intervene (ECF No. 473) is allowed for the limited purpose of submitting special jury questions.

SO ORDERED.

Dated this 21st day of July, 2023.

                                          /s/ Lance E. Walker
                                       UNITED STATES DISTRICT JUDGE