UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )  No. 1:19-CV-00552-LEW |
| | ) |
| WARREN B. PETTEGROW, et al., | ) |
| | ) |
| Defendants | ) |

## ORDER

The matter is before the Court on Defendants' Motion in Limine to Exclude Arbitrator's Final Award at Trial (ECF No. 446) and Defendants' Motion to Lift Protective Order (ECF No. 452).

### BACKGROUND

In June 2020, I issued an order compelling Lobster 207 and its former CEO Warren Pettegrow to arbitrate their dispute concerning matters arising out of their employment agreement. That dispute concerned, chiefly, the "for cause" termination provision of the employment agreement, though it also reached more broadly to encompass "claims based on duties associated with the employment relationship." Mem. of Dec. and Order at 19 (ECF No. 72). Neither the agreement to arbitrate nor my order compelling arbitration reached the related dispute between Lobster 207 and the other Pettegrow defendants and the Trenton Bridge Lobster Pound.

The arbitrator returned his award in August 2021, finding in favor of Lobster 207. On December 10, 2021, I issued an order confirming the award and denying Warren Pettegrow's motion to vacate the award. Order re. Arb. Award (ECF No. 269). On January 26, 2022, I granted final judgment to Plaintiff, pursuant to Fed. R. Civ. P. 54(b), on Count V (breach of fiduciary duty) and Count VII (breach of contract) based on the preclusive effect of the confirmed arbitration award. Order on Pl.'s Mot. for Final J. (ECF No. 277). That is as far as the claim-preclusive ruling went. The claims remaining in this action have factual overlap with those resolved by the arbitrator, but fell outside the scope of the arbitration provision, which the moving defendants in any event were not party to.

Meanwhile, during the discovery process Lobster 207 produced a collection of recorded phone calls subject to a confidentiality assertion. In November 2021, I permitted the confidentiality designation to remain in place for one subset of recordings, lifted it as to a second subset, but extended a temporary protective order over the second subset pending the trial phase of the litigation. Am. Order on Pl.'s Renewed Mot. to Retain Confidentiality Designation (ECF No. 261). The second subset of recordings entail what I previously described as a 30-page log (ECF No. 245-1 (sealed)) that itemizes certain comments made by witnesses that, in general, disparage the defendants. The rationale for the protective order was drawn from Fed. R. Civ. P. 26 and was stopgap in nature.

## DISCUSSION

**A.    Motion to Exclude**

Defendants Anthony Pettegrow, Josette Pettegrow, and Trenton Bridge Lobster Pound, Inc., seek an order that excludes from evidence both the arbitration award and any

testimony concerning it. They argue that exclusion is proper because Plaintiff's anticipated use of the award at trial would violate Fed. R. Evid. 802, the rule against hearsay, and would be inconsistent with Fed. R. Evid. 403, which authorizes a court to exclude relevant evidence when the danger of unfair prejudice substantially outweighs the probative value of the evidence. In opposition, Plaintiff argues that an exception may permit introduction of the arbitrator's findings and that, regardless, the Court should inform the jury of the same through a process of judicial notice.

As a general rule, an arbitrator's award, like the decision of a judge, is inadmissible hearsay when offered to prove the truth of the findings found therein unless an exception to the hearsay rule applies. The Rules of Evidence treat even judgments as hearsay except in circumstances that are not applicable here. *See* Fed. R. Evid. 803(22), (23). *See also*, *e.g.*, *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007); *United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004); *Herrick v. Garvey*, 298 F.3d 1184, 1191 (10th Cir. 2002). Under the circumstances of this case, I see no good cause to deviate from the generally accepted rule and conclude that the arbitrator's award is hearsay if it is introduced to prove the truth of its findings.

I also find unpersuasive Lobster 207's argument that the award comes within the public record or residual exceptions to the hearsay rule. An arbitration award does not fit within the public record exception of Rule 803(8) for reasons articulated by the Tenth Circuit in *Herrick*, 298 F.3d at 1192 (explaining that judges are not executive branch investigators), and Plaintiff's notion that the contents of an arbitration award might fit within the residual exception in Rule 807 is mistaken, since the arbitrator's factual findings

3

are not more probative than witness testimony when it comes to the jury's independent, fact-finding obligation.[1]

As for judicial notice, I am unwilling to instruct the jury to take notice of the contents of the arbitration award. I reserve for later consideration whether and if so how to instruct the jury about the arbitration and resulting award and anticipate a conference with counsel on the topic. I have not predetermined to "hide" the award so long as its revelation is conducive to a fair and orderly jury trial. Concerning the possible use of the arbitration award for a purpose other than to prove the truth of the matter asserted and the related danger of unfair prejudice to the moving defendants, I similarly reserve for later determination issues of admissibility and prejudice associated with what are presently only hypothetical concerns.

**B.     Motion to Lift Protective Order**

Defendants request that I lift the protective order entered in November 2021. Def.'s Mot. to Lift Protective Order on Non-Confidential Portions of Phone Calls (ECF No. 452). Lobster 207 argues that the justification for the protective order remains and that lifting it before the start of trial will risk contamination of the jury pool. Pl.'s Opp'n (ECF No. 457). I am not persuaded by Lobster 207 that the jury pool will be contaminated if I lift the protective order because I am not persuaded that this case excites the popular imagination anywhere near as much as it does the parties. The venire in Maine is expansive and most

---

[1] Although I begin with the finding that the arbitration award is hearsay, I likely would conclude, in the alternative, that the admission of the arbitration award would be unfairly prejudicial pursuant to Rule 403 in order to ensure that the jury does not abandon its fact-finding role. *See, e.g.*, *Kirouac v. Donahoe*, No. 2:11-CV-00423-NT, 2013 WL 5952055, at *7 (D. Me. Nov. 6, 2013).

of its members are not likely to hail from Downeast Maine, let alone a lobstering community, if indeed any do. Furthermore, I am confident that voir dire is equal to the challenge. Accordingly, the protective order is lifted on the portions of recorded statement logged in docket entry 245-1 (sealed).

## Conclusion

For the reasons set forth above, the arbitration award is deemed to be hearsay evidence and excludable on that basis, but Defendants' request that all testimony be precluded on the topic is premature. Accordingly, Defendants' Motion in Limine to Exclude Arbitrator's Final Award at Trial (ECF No. 446) is RESERVED FOR TRIAL.

Defendants' Motion to Lift Protective Order (ECF No. 452) is GRANTED.

SO ORDERED.

Dated this 1st day of August, 2023

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE