UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **LOBSTER 207, LLC**,<br><br>                    Plaintiff,<br><br>v.<br><br>**WARREN B. PETTEGROW, et al.**<br><br>                    Defendants. | Case No. 19-00552-LEW |

## MOTION FOR STAY PENDING APPEAL

Warren B. Pettegrow ("Mr. Pettegrow") moves pursuant to Rule 62 of the Federal Rules of Civil Procedure for an order staying the disclosure proceeding and orders related to the disclosure proceeding until the conclusion of Mr. Pettegrow's appeal (the "Appeal") of this Court's *Order on Objections and Order Adopting Recommended Decision* (the "Order") [ECF No. 513], which among other things, adopted the Magistrate Judge's *Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and Recommended Decision after Disclosure Hearing* (the "Report and Recommendation") [ECF No. 493].

Mr. Pettegrow is entitled to a stay of the Order pending the Appeal on two (2) independent bases: (a) under Federal Rule of Civil Procedure 62(f) because the Order is a lien on the subject assets under Maine law and Maine law provides for an automatic stay of orders pending appeal; and (b) under Federal Rule of Civil Procedure 62(b) and Federal Rule of Appellate Procedure 8 because Lobster 207, LLC ("L207") is protected by its attachments and liens it has on the property ordered to be turned over, and because Mr. Pettegrow can meet the

1

826939

factors set forth in *Hilton v. Braunskill*, 481 U.S. 770, 107 S. Ct. 2113 (1987).  In support of this motion, Mr. Pettegrow avers as follows:

## PROCEDURAL HISTORY

1.   This litigation was commenced by L207 against Mr. Pettegrow, his parents and certain affiliated corporate entities, asserting a variety of claims.  On December 4, 2019, L207 filed a motion [doc. no. 4], under Federal Rule of Civil Procedure 64 and Maine Rules of Civil Procedure 4A and 4B, seeking pre-judgment attachments on the property of, among others, Mr. Pettegrow.  On June 3, 2020, the Court granted the motion as to Mr. Pettegrow and certain other defendants.  *See* ECF No. 75.  L207 served the pre-judgment attachments and trustee process on various banks in Maine and, on June 12, 2020, recorded the attachment order in the registry of deeds for Hancock County, Maine.  *See* Exhibit A.

2.   Two of the claims brought against Mr. Pettegrow alone, counts V and VII arising from his employment contract with L207, were subject to arbitration, and were therefore severed from this litigation and referred to arbitration.  On August 24, 2021, L207 received an award of $1,021,000.00 against Mr. Pettegrow in the arbitration proceeding.  The Court subsequently confirmed the arbitration award and entered a final judgment (the "Judgment") against Mr. Pettegrow on counts V and VII.  *See* ECF No. 278.  The remaining claims in this litigation against Mr. Pettegrow, and all of the claims against Mr. Pettegrow's parents and the affiliated corporate entities, remain to be tried before the Court.

3.   On March 8, 2022, L207 recorded the Judgment in the registry of deeds for Hancock County, Maine.  *See* Exhibit B.

4.   On May 12, 2022, L207 commenced a proceeding against Mr. Pettegrow to register the Judgement in the United States District Court for the Southern District of Florida (the

826939

"Florida Collection Action"). *See Lobster 207, LLC v. Warren B. Pettegrow*, U.S.D.C. S.D. Fla. docket number 22-mc-10037-JLK. In the Florida Collection Action and based on the Judgment, L207 obtained and issued writs of garnishment against any of Mr. Pettegrow's accounts at various banks located in Florida. *See* Florida Collection Action ECF No.s 13 – 20. All but one of the banks who received the writs of garnishment filed answers to the writs in the Florida Collection Action. *See Id.* at ECF No.s 21, 22, 23, 29, 30, 34 and 39.

5.  On August 2, 2022, L207 requested a disclosure hearing pursuant to 14 M.R.S. § 3120 *et seq*. Mr. Pettegrow, a Florida resident, contested whether this Court had jurisdiction to conduct such a hearing, but ultimately agreed to appear, by video, at a disclosure hearing before the Court solely with respect to Mr. Pettegrow's assets in Maine, and subject to a reservation of rights, including as to the Court's jurisdiction over any of his assets located in Florida, or otherwise as to this Court's jurisdiction as to any further disclosure proceedings in this Court. *See* Order dated October 19, 2022 [ECF No. 406].

6.  There is no dispute that the disclosure hearing was requested and proceeded under applicable Maine law.

7.  In order to streamline the process, Mr. Pettegrow agreed to both produce documents and appear at a deposition prior to the disclosure hearing. This was not the usual procedure for disclosure hearings under Maine law and L207 was given the benefit of receiving documents and a deposition transcript in advance of the disclosure hearing. The disclosure hearing was conducted before Magistrate Judge Nivison over two (2) days, and L207 had more than a month between hearings to refine its evidence at the hearings.

8.  On February 23, 2023, L207 filed the *Judgment Creditor's Motion for Relief Pursuant to 14 M.R.S. §§ 3120 et seq.* (the "Motion") [ECF No. 450]. Mr. Pettegrow timely

objected to the Motion [ECF No. 456], L207 filed a reply [ECF No. 463], and Mr. Pettegrow filed a sur-reply [ECF No. 480].

9. The Motion was taken under advisement and a Report and Recommendation was entered on the docket on August 30, 2023 (the "Report and Recommendation") [ECF No. 493]. The Report and Recommendation, among other things, granted extensive relief not requested by L207, including hold and answer orders against Monica Pettegrow and Allie Cat, LLC, two Florida residents who are not subject to the jurisdiction of this Court, and the turnover of various bank accounts.

10. Mr. Pettegrow timely objected to the Report and Recommendation [ECF No. 502], which objection was overruled by the Order. Mr. Pettegrow has filed a notice of appeal of the Order contemporaneously with this motion.

11. The Order required, among other things, that Mr. Pettegrow turn over funds in certain bank accounts (subject to his exemption under Maine law), two pieces of real property, three motor vehicles, ownership interests in five business entities, five firearms and a gun safe, and affirmed the Magistrate Judge's authorization to issue certain hold and answers orders against third parties and financial institutions.

ARGUMENT

    **A.    Mr. Pettegrow is Entitled to a Stay Pending Appeal Pursuant to Federal Rule of Civil Procedure 62(f).**

12. Rule 62(f) of the Federal Rules of Civil Procedure provides that, "if a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the

judgment is entitled to the same stay of execution the state court would give." Fed. R. Civ. Proc. 62(f).[1]

13. Under 14 M.R.S. § 3131(9), the Order plainly constitutes a lien against the property which is subject to the Order. *See* 14 M.R.S. § 3131(9) ("An order entered pursuant to this section constitutes a lien against the property, which is the subject of the order and against the proceeds of any disposition of the property by the judgment debtor, which occurs at any time after entry of the order.").[2]

14. Rule 62(e) of the Maine Rules of Civil Procedure provides that:

Except as provided in subsections (c) and (d) of this rule, the taking of an appeal from judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal, and no supersedeas bond or other security shall be required as a condition of such stay.

M.R.C.P. 62(e).

15. Maine law unequivocally provides that the Order is a lien on the property that is subject to the Order and for a stay pending appeal of all judgments and orders without the need for a bond or other security. *See* 14 M.R.S. § 3131(9); M.R.C.P. 62(e). Federal Rule of Civil Procedure 62(f) just as unequivocally provides for a stay pending appeal of the Order based on the Maine law and without the need for a bond or other security. *See* Fed. R. Civ. Proc. 62(f).

---

[1] Federal Rule of Civil Procedure 54 provides, in part, that "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." Fed. R. Civ. Proc. 54(a). Maine Rule of Civil Procedure 54(a) is identical. See M.R.C.P. 54(a). The Order is, therefore, a "judgment" under the applicable rules.

[2] L207 may perfect this lien as to third parties by filing a copy of the Order with the appropriate Maine governmental authorities, but the lack of such perfection as to third parties has nothing to do with the lien granted against Mr. Pettegrow under 14 M.R.S. 3131(9). Even if the filing of the Order were required to create a lien, such filing is a ministerial act that does not preclude a stay under Federal Rule of Civil Procedure 62(f). *See Rodriguez-Vazquez v. Lopez-Martinez*, 345 F.3d 13, 14 (1st Cir. 2003) ("Our own inclination is to think that where a lien can be procured by minor ministerial acts, this minor burden on the judgment-creditor should not preclude a stay under Rule 62(f).").

826939

### B. Mr. Pettegrow is Entitled to a Stay Pursuant to Rule 62(b) and F.R.A.P. 8 Because L207 has Adequate Security.

16. Federal Rule of Civil Procedure 62(b) provides "at any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). The purpose of the rule is to ensure that the party that prevailed in the district court is protected against loss. *See United States v. Kurtz*, 528 F.Supp. 1113, 1114 (E.D. Pa. 1981). While posting a bond is a common method of providing security, courts have allowed alternative arrangements where it is impracticable for the judgment debtor to post a bond. *See Id.* at 1115 (citing *C. Albert Sauter Co. v. Richard S. Sauter Co.* 368 F. Supp. 501, 520 (E.D. Pa. 1973); *Trans World Airlines, Inc. v. Hughes*, 314 F.Supp. 94, 96 (S.D.N.Y. 1970), approved, 515 F.2d 173 (2d Cir. 1975)). Federal Rule of Appellate Procedure 8 permits the granting of a stay pending appeal and requires Mr. Pettegrow to first seek such a stay in this Court. *See* F.R.A.P. 8.

17. Mr. Pettegrow cannot obtain a bond without posting collateral to secure the bond. All of Mr. Pettegrow's material assets are subject to liens, either by way of pre-judgment attachments or the Order and 14 M.R.S. § 3131(9), and, with no lien-free assets to post as collateral for a bond, Mr. Pettegrow cannot obtain a bond. A bond, however, is not necessary here where L207 is already protected by its liens on Mr. Pettegrow's material assets.

18. In order to obtain a stay pending appeal under Rule 62(b) without the need for a bond, Mr. Pettegrow needs to show that posting a bond is impractical and he needs to propose a plan that provides L207 with adequate "or as adequate as possible" security for its judgment. *Kurtz*, 528 F.Supp. at 115. It is self-evident that Mr. Pettegrow cannot post a bond. And because L207 already has liens, by virtue of its pre-judgment attachments and the Order, on all of Mr.

Pettegrow's material assets, L207 already has the best available security for its judgment. A stay of the Order pending appeal is therefore appropriate under Rule 62(b).

19. Many courts apply the four part test from *Hilton* when considering whether to grant a stay pending appeal, including a stay under Federal Rule of Appellate Procedure 8:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton*, 481 U.S. at 776, 107 S.Ct. at 2119.[3]

     i.    <u>Mr. Pettegrow Has a Likelihood of Success in the Appeal</u>.

20. As is more fully described in Mr. Pettegrow's *Objection to Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and Recommended Decision After Disclosure Hearing* [ECF No. 502], Mr. Pettegrow has a strong likelihood of success on the merits of the Appeal. The Order, and Judge Nivison's underlying report and recommendation (a) materially, and without justification, expands the power and jurisdiction of the Court in a disclosure proceeding in violation of, among other things, the due process rights of various parties, (b) misapplies the Maine supplementary process statute with respect to the recommended turnover and sale orders, (c) grants relief that was not requested by L207 in the disclosure proceeding, (d) erroneously permitted inquiry at the disclosure hearing into the assets maintained or transferred by entities in which Mr. Pettegrow holds an interest, and (e) erroneously admitted various disputed exhibits.

---

[3] At least one court in this Circuit has questioned whether the *Hilton* factors apply under Rule 62(b) where a money judgment is at issue. *See Ford v. Bender*, 903 F. Supp. 2d 90, 106 (D. Mass. 2012) (Questioning whether the four part *Hilton* standard applies to a request to stay a monetary judgment). Since Mr. Pettegrow can meet the *Hilton* standard, this question is moot in this case.

21. The Order, among other things, would compel residents of Florida, who are not parties to the underlying litigation and over whom the Court does not have jurisdiction, and Mr. Pettegrow to defend fraudulent transfer and piercing the corporate veil claims based on a two page hold and answer order that contains no facts nor sets forth any legal claims. Judge Nivison's underlying report and recommendation has no analysis of the Court's jurisdiction over non-party Florida residents and does not address in any way the due process requirements of bringing claims against Mr. Pettegrow and those parties that are fundamental to both Federal and Maine law. The Order requires the turnover and sale of assets under Maine law that are contrary to the plain language of 14 M.R.S. § 3131(2), would materially expand the scope of that statute, and are not supported by the evidence introduced at the disclosure hearing.

    ii.    <u>Mr. Pettegrow Will be Irreparably Harmed Absent a Stay Pending Appeal</u>.

22. The Order requires Mr. Pettegrow to turn over substantially all of his assets for sale by L207. The Order also requires hold and answer hearings to proceed. At certain of those hold and answer hearings, L207 has stated it intends to proceed with fraudulent transfer and piercing the corporate veil claims despite the fact that it has not stated any such claims or the facts supporting them in writing, in violation of fundamental due process rights and notice pleading requirements. Indeed, under the Order L207 is free to assert any claim it choses at the hold and answer hearings and is not required to provide Mr. Pettegrow, or any of the other parties to the hold and answer hearings, with any notice of such claims. Absent a stay pending the Appeal, Mr. Pettegrow will, therefore, be irreparably harmed by the loss of his assets and the loss of his legal rights.

    iii.    <u>L207 Will not be Injured by a Stay Pending Appeal</u>.

23.    L207 was granted, and recorded, pre-judgment attachments in June of 2020, nearly three and one-half (3½) years ago.  L207 received the arbitration award in in August of 2021, nearly two and one-half (2½) years ago.  In March of 2022, L207 recorded the judgment issued by the Court with various Maine governmental agencies.  In May of 2022, L207 obtained pre-judgment attachments in the Florida Collection Action.

24.    As a result of these efforts and the Order, L207 has liens on substantially all of Mr. Pettegrow's assets.  As is evidenced by the fact that L207 has not sought any other form of protection for their judgment or other claims in the two and one-half (2½) years since obtaining its arbitration award, these attachments and liens are sufficient to protect L027, and it will not be irreparably harmed by a stay pending the completion of the Appeal.

    iv.    <u>The Public Interest Lies With Mr. Pettegrow</u>.

25.    The Order effectuates a fundamental shift in debtor/creditor law, both on a Federal and a state level.  Any such fundamental shift should subject to appellate review.  A stay of the disclosure proceedings and related orders pending completion of the Appeal is therefore in the public interest.

CONCLUSION

26.    For the foregoing reasons, Mr. Pettegrow is entitled to a stay of the disclosure proceeding and all related orders pending completion of the Appeal.

[this space intentionally left blank]

826939

**WHEREFORE**, Mr. Pettegrow respectfully requests that this Court enter an order (a) staying the disclosure proceeding and all related orders until the completion of the Appeal, and (b) granting to the Debtor such other and further relief as the Court deems just and proper in the circumstances.

Respectfully submitted,
WARREN PETTEGROW
By his counsel,

/s/ D. Ethan Jeffery
D. Ethan Jeffery (BBO #631941)
Leah A. O'Farrell (BBO #708424)
Murphy & King, P.C.
28 State Street, Suite 3101
Boston, MA 02109
Telephone: (617) 423-0400
Email: ejeffery@murphyking.com
*Counsel for Warren B. Pettegrow*

Dated: December 14, 2023

## CERTIFICATE OF SERVICE

I, D. Ethan Jeffery, hereby certify that on December 14, 2023, a copy of the foregoing Motion was served via this Court's CM/ECF system upon all parties entitled to notice.

/s/ D. Ethan Jeffery
D. Ethan Jeffery

826939