UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **LOBSTER 207, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 1:19-cv-00552-LEW |
| ) | |
| **WARREN B. PETTEGROW** et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO TRANSFER TRIAL TO PORTLAND, MAINE**

**NOW COMES,** the Plaintiff, Lobster 207, LLC ("Lobster 207"), by and through its undersigned attorneys, and pursuant to the Court's December 22, 2023 minute entry, hereby moves for a transfer of the trial of this matter from Bangor, Maine to Portland, Maine. In support of its Motion, Lobster 207 states as follows:

1. Lobster 207 initiated this lawsuit in December of 2019 and has been waiting for its day in court for over four years. Although this matter was placed on the Court's November trial list, it was removed from that list due to criminal matters that preempted the use of the only courtroom in Bangor's Margaret Chase Smith Courthouse capable of accommodating a case of this magnitude.

2. Following the removal of this case from the January list by consent, the Court held a scheduling conference on December 15, 2023. During that conference, the Plaintiff requested a March trial date, while the Defendants sought a trial date beginning in the middle of May, 2024. The Court informed the parties that a backlog of criminal cases ready for trial made scheduling a civil trial of this length in Bangor difficult, even on the Defendants' proposed schedule. In view of that consideration, the Court inquired as to whether the parties would be amenable to trying this matter in Portland. In view of the considerations described by the Court, the Plaintiff expressed a

strong preference for venue in Portland, while the Pettegrow Defendants reiterated their desire to have the trial in Bangor. Counsel for Stephen Peabody stated that he would need to consult with his client before taking a firm position but expressed his tentative belief that Mr. Peabody also would prefer to have the trial in Bangor. Via minute entry dated December 22, 2023, the Court ordered the parties to file any motions to change the trial venue from Bangor to Portland by December 29th.

3. Because "Maine constitutes one judicial district and is not divided into divisions," the Court's analysis of whether to hold a trial in Bangor or Portland is governed by 28 U.S.C. § 1404(c) rather than 28 U.S.C. 1404(a), the general change of venue statue. *See Hancock v. Delta Air Lines, Inc.*, 793 F. Supp. 366, 368 n.1 (D. Me. 1992). Under Section 1404(c), "the Court may order a civil case to be 'tried at any place within the division in which it is pending.'" *Id.* at 368 (quoting 28 U.S.C. § 1404(c)). *See also Grossman v. Smart*, 73 F.3d 364 (Table), 1995 WL 767893, at *2 (7th Cir. 1995) (unpublished) ("Where a district lacks statutory divisions, courts have discretion under § 1404(c) to select any designated location within the district as the place of trial."). Moreover, even within a district comprised of statutory divisions, the Court is empowered to transfer cases to alternate divisions in order to alleviate congestion of its docket. *See United States v. Cates*, 485 F.2d 26, 30 (1st Cir. 1974) ("In the exercise of its supervisory power, the district court may allocate cases between divisions."). Accordingly, the decision to grant a request to relocate a trial from Bangor to Portland "rests upon the discretion of the Court." *Hancock*, 793 F. Supp. at 368 (citing *United States v. Rybachek,* 643 F. Supp. 1086 (D. Alaska 1986)).

4. While the First Circuit has not stated what factors, if any, should be considered under Section 1404(c), some courts "have relied on the factors developed under 28 U.S.C. § 1404(a)." *See, e.g.*, *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464

F. Supp. 2d 1095, 1098 (D. Colo. 2006).  In addition to the convenience of parties and witnesses, "[t]he fact that a prompt trial may be available in one forum but not the other is . . . a relevant consideration" in this Circuit under 28 U.S.C. § 1404(a).  *Multibene Ingredients Oy Ltd. v. Sturm Foods Inc.*, 658 F. Supp. 2d 250, 253 (D. Me. 2009).  In this case, the Court has suggested that scheduling the trial of this matter in Portland is a far easier task than it would be in Bangor due to 1) a backlog of criminal cases that are queued for trial in Bangor; and 2) the fact that the Bangor courthouse only has one courtroom (as opposed to the two that are available in Portland) that can accommodate a case of this size and length.  Moreover, this case has been closely followed by the Maine lobstering community, and the Maine Lobstering Union has well over 100 members that have a stake in the outcome of this litigation.  For that reason, the Plaintiff anticipates that public attendance at this trial will be greater than it is at the typical civil case.  Accordingly, scheduling this trial in Portland will impose far less of a burden on the Court's operational resources than would a trial in Bangor.

     5.    "The relative financial strength of the parties to absorb the costs of litigation is [also] a consideration in a transfer of venue analysis."  *Ashmore v. Ne. Petroleum Div. of Cargill, Inc.*, 925 F. Supp. 36, 39 (D. Me. 1996).  While legal costs do not appeal to be a concern for the Pettegrow Defendants based on the sheer number of lawyers who have entered appearances on their behalf, Lobster 207 has faced exorbitant legal costs over the last four years due in large part to the fact that Warren Pettegrow successfully compelled arbitration of just two of the Plaintiff's claims and then, upon obtaining an adverse result, has used every tool in his arsenal to impede Lobster 207's judgment collection efforts.  Nor is it any secret that, to this juncture, the Pettegrow Defendants have had the benefit of an insurance-funded defense.  *See Am. Fire & Cas. Co. et al. v. Pettegrow, et al.*, Docket No.1:20-cv-00250-JDL, 2022 WL 44449, at *1 (D. Me. Feb. 14, 2022).

The Plaintiff does not have the luxury of insurance coverage or the benefit of millions of dollars of ill-gotten gains.  Going forward, it would be far more economical for the Plaintiff (and for that matter, Defendant Peabody, whose attorneys hail from Boston) to try this case in Portland, as the costs of effectively relocating its legal counsel's offices to Bangor and living on the road for a month would be extraordinary.  Moreover, a Portland trial would not increase legal defense costs, as all but one of the Pettegrows' many attorneys (and all of their trial counsel) are located in or south of Portland.  In terms of minimizing the cost of attorneys' fees and trial expenses, the equities fall heavily in favor of a Portland trial venue.

6. Although many witnesses and some of the parties themselves are located around MDI and Jonesport, much of the evidence in the case – including the voluminous documents that will be introduced and the expert witnesses that will be called with respect to them – are located in or about Portland.  Exhibit organization, witness coordination, trial demonstratives, and housekeeping matters will all be handled far more efficiently by counsel for both sides if they have the full support of their Portland offices and staff available to them.  Any inconveniences to the parties that arise as a result of a Portland trial venue will be borne equally by both sides, as their clients and witnesses all come from the same regions.  Put simply, no one party will gain an unfair advantage from scheduling trial in Portland, while all parties – particularly their counsel – will enjoy equal benefits of trying this case within walking distance (or at least a shorter driving distance) from their homes and offices.

7. Finally, "the plaintiff's choice of forum is a factor that weighs in favor of the plaintiff in evaluating a motion for transfer of venue." *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 212 (D. Me. 2011).  Although originally filed in Bangor, the Plaintiff strongly prefers that this case be tried in Portland for the reasons set forth above, particularly the scheduling

difficulties associated with a Bangor trial. Although the Plaintiff's preference certainly is not dispositive, to the extent the remaining factors weigh equally in favor of both locations, there is at least a marginal presumption in favor of the Plaintiff's choice of forum.

**WHEREFORE** the Plaintiff, Lobster 207, LLC, respectfully requests that the Court **GRANT** the Plaintiff's Motion to schedule the trial of this matter in Portland.

Dated at Portland, Maine this 27th day of December, 2023.

/s/     Thimi R. Mina
        Thimi R. Mina

/s/     Alfred C. Frawley IV
        Alfred C. Frawley IV

McCloskey, Mina, Cunniff & Frawley, LLC
12 City Center
Portland, Maine 04101
Tel.: 207.772.6805
Fax: 207.879.9375
tmina@lawmmc.com
afrawley@lawmmc.com

*Counsel for Lobster 207, LLC*

## CERTIFICATE OF SERVICE

I, Alfred C. Frawley IV, hereby certify that on this 27th day of December, 2023, I filed the foregoing **PLAINTIFF'S MOTION TO TRANSFER TRIAL TO PORTLAND, MAINE** with the CM/ECF system, which shall send notification of such filing to counsel of record for all parties.

Dated at Portland, Maine, this 27th day of December, 2023.

/s/   <u>Alfred C. Frawley IV</u>
      Alfred C. Frawley IV

      MCCLOSKEY, MINA, CUNNIFF & FRAWLEY, LLC
      12 City Center
      Portland, Maine
      Tel.: 207.772.6805
      Fax: 207.879.9375
      cking@lawmmc.com

      *Counsel for Lobster 207, LLC*