UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, et al., | ) | |
| | ) | |
| Defendants | ) | |

## ORDER RESPECTING TRIAL VENUE

The matter is before the Court on Plaintiff Lobster 207's Motion to Transfer Trial to Portland, Maine (ECF No. 537). Plaintiff's Motion is premised on, among other factors, the age of the case (commenced in December 2019); the greater availability of adequate courtroom space in Portland (three courtrooms, two of which can support this multi-party litigation) versus Bangor (two courtrooms, only one of which can support this litigation); the anticipated length of the trial (which might occupy one Bangor or Portland courtroom for an entire month); and the prior removal of the case from the Bangor trial calendar due to competing criminal trials, which trials receive scheduling priority by law, *see* 18 U.S.C. §§ 3161, 3165.

The Pettegrow Defendants object to the Motion. Pettegrow Defs.' Response (ECF No. 542). They assert that the parties are bound by a contractual agreement to try the case in Penobscot County; that Bangor is the presumptive venue for trial pursuant to Local Rule

3, given the locality of the parties' dispute[1]; and that the existing private and public interests in this litigation militate in favor of a Bangor trial. Josette Pettegrow also identifies personal challenges exacerbated with a trial in Portland rather than Bangor, including the ease with which she can oversee operations at Trenton Bridge and be attentive to an elderly and dependent parent.

Defendant Stephen Peabody echoes the Pettegrows' opposition and also highlights the personal inconvenience of travel to Portland given his residence in a more easterly region of Downeast Maine. He also prefers that a jury of his peers be drawn from the Court's Bangor division and notes that most witnesses as well as interested members of the public will live closer to the Bangor courthouse than the Portland courthouse. Peabody Opp'n (ECF No. 544).

The relevant statute provides that a district court "may transfer any civil action to any other district or division" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Additionally, in response to a motion for a divisional venue change like we have here, "any action, suit or proceeding of a civil nature . . . may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." *Id.* § 1404(b). The exercise of discretion is informed by both private and public interests and may turn on "flexible and multifaceted"

---

[1] Local Rule 3 provides that "Maine constitutes one judicial district" with court "held at Bangor and Portland." D. Me. Loc. R. 3(b). Per the Rule, actions "ordinarily" will be tried in Bangor or Portland "by reference to the county in which a substantial part of the events or omissions giving rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." *Id.* It goes on to specify that cases arising out of Hancock and Penobscot, like this one, will ordinarily be tried in Bangor. *Id.*

2

considerations. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) (holding that § 1404 permitted a venue determination at odds with the parties' forum selection clause and remanding for further analysis). "Private factors include the statutory considerations of convenience of the parties and witnesses, but also often include the plaintiff's forum preference, where the claim arose, and the relative ease of access to sources of proof." *Johnson v. VCG Holding Corp.*, 767 F. Supp. 2d 208, 212 (D. Me. 2011) (internal quotation marks omitted) (discussing transfer under 28 U.S.C. § 1404(a) rather than § 1404(b)). "Public factors encompass the statutory consideration of the interest of justice, focus on judicial economy and often include the district court's familiarity with the governing law, the local interest in deciding local controversies at home, and the relative congestion of the courts." *Id.* (internal quotation marks omitted). *See also Ako-Annan v. E. Maine Med. Ctr.*, No. 1:19-cv-00544-JCN, 2022 WL 4016761, at *1 (D. Me. Sept. 2, 2022) (discussing transfer under 28 U.S.C. § 1404(a)).

In this case, if one disregards the age-old maxim that justice delayed is justice denied, it is apparent that the private factors gravitate toward the Bangor courthouse. These include the forum selection clause favoring a court in Penobscot County, the closer proximity of Bangor to the Ellsworth and MDI region, the convenience of several of the witnesses, the private concern Mrs. Pettegrow has for her aging mother, and the travel inconvenience for Mr. Peabody. These factors do not pull especially strongly toward Bangor, however. The forum selection clause is contained in an asset purchase agreement that is merely related to this controversy; none of the remaining causes of action arise out of the asset purchase agreement. Proximity and convenience are likewise rather relative

considerations. The courthouses are only two hours apart by automobile and while Mr. Peabody resides somewhat further afield by Maine standards, the Court plans to conduct full-day hearings until the completion of the trial. As a result, it would behoove the parties to make travel arrangements that involve overnight accommodations, wherever the trial is held. Communication technology will provide equal contact with the parties' family members and business associates whether trial is conducted in Bangor or Portland.

Public factors do not pull toward Bangor. While I acknowledge that members of the lobstering community will no doubt have an interest in following this litigation, it would astound me to find such an individual who is both sufficiently interested and sufficiently idle to attend in person a month-long trial. It is also generally apparent in this District that media coverage for this case would be comparable whether trial is set in Portland or Bangor. The remaining public factors that call out in this case are the interest of justice, judicial economy, and relative congestion. These factors lead us back to the maxim that justice delayed is justice denied. It is time for this case to conclude. The Court very much intends to have this matter tried this year, preferably in May.[2] The simple fact of the matter is that Portland is better suited to a month-long trial because a criminal trial

---

[2] There are presently three criminal cases on my trial calendar for May. In two of these, counsel have advised the Court that they are "firm" for trial. This reflects a general trend of criminal cases going to trial in the District, historically an event as rare as hen's teeth. I have tried four criminal trials to verdict in the last few months, more than I have tried in the previous five years. Defendants are increasingly and consistently putting the Government to its burden and all indications are that this trend will continue. The result is that this case will continue to be on the outside looking in waiting for trial time, regardless of venue, so long as my trial calendar is devoted to the criminal docket in the least, considering the parties' estimated trial time of four weeks. If the parties are serious about putting this matter behind them before the lobstering seasons picks up steam, or winds down for another season, they may wish to confer and discuss consenting to the jurisdiction of Magistrate Judge Karen Frink Wolf. In keeping with Local Rule 73, I also note that the parties are free to withhold consent without adverse substantive consequence but the practical challenges to conducting a trial will remain.

can be held on the same day as a civil trial and still leave courtroom availability for the Court's day-to-day routine hearings over the course of an entire month.

What my analysis of the relevant factors distills down to is the conclusion that the lead objective is to have a trial, and the sooner the better. If it happens that a month-long trial can be calendared sooner in Portland, so be it. Accordingly, Plaintiff's Motion for Change of Venue is RESERVED pending further developments.

SO ORDERED.

Dated this 8th day of February, 2024.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE