UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00552-LEW |
| | ) |
| WARREN B. PETTEGROW, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER RESPECTING TURNOVER AND SALE DEADLINES, HEARINGS AND STAY PENDING APPEAL**

The matter is before the Court on Plaintiff Lobster 207's various Motions Regarding Turnover Orders (ECF Nos. 519, 522, 523); Motions for Hearing (ECF No. 521); Motion to Set Deadline for Turnover, to Enlarge Deadline, for Order of Default, and to Stay (ECF No. 529); and Defendant Warren Pettegrow's Motion for Stay Pending Appeal (ECF No. 531) and Motion for Oral Argument/Hearing (ECF No. 524).[1] These motions follow on the heels of Magistrate Judge Nivison's Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and

---

[1] The pending motions are: Plaintiff's Motion for Turnover Based on Bar Harbor Bank and Trust's Answer to Order to Hold and Answer (ECF No. 519); Plaintiff's Motion for Hearing on Fidelity Brokerage Servs. and Fidelity Mgmt. Trust's Answer to Order to Hold and Answer (ECF No. 521); Plaintiff's Motion for Turnover Based on Corebridge Fin., AIG Annuities and American General Life Ins. Co.'s Answer to Order to Hold and Answer (ECF No. 522); Plaintiff's Amended Motion for Turnover Based on Josette Pettegrow's Answer to Order to Hold and Answer (ECF No. 523); Pettegrow's Motion for Hearing on the Filed Answers in Respect to Hold and Answer Orders (ECF No. 524); Plaintiff's Motion to Set Deadline for Turnover, to Enlarge Deadline for Sale of Personal Property, For Order of Default with Respect to Allie Cat, LLC, and to Stay Deadline for the Sale of Interest in Poseidon Charters, Inc. (ECF No. 529); and Pettegrow's Motion for Stay Pending Appeal (ECF No. 531).

Recommended Decision After Disclosure Hearing (ECF No. 493/494),[2] and my Order on Objections and Order Adopting Recommended Decision (ECF No. 513).[3]

Pettegrow appealed the Orders. Notice of Interlocutory Appeal (ECF No. 530). In his Motion for Stay Pending Appeal, he cites Fed. R. Civ. P. 62, 14 M.R.S. § 3131(9), and Federal Rule of Appellate Procedure 8, and contends that all disclosure proceedings (basically all of Lobster 207's pending motions) should be stayed pending his appeal. Recognizing that courts often evaluate the likelihood of success when considering requests for such a stay, Pettegrow highlights an alleged concern over the due process rights of unnamed, third-party "residents of Florida" (i.e., Monica Pettegrow and Allie Cat, LLC—see footnotes 1 and 3), who have an interest in a judicial determination concerning Plaintiff's fraudulent transfer contention but, Pettegrow maintains, are beyond the reach of this Court. Even as to his own due process rights, Pettegrow contends that he must be served with a statement of claim so that he has notice of the scope of any forthcoming fraudulent transfer or corporate veil-piercing hearing, though it is plain that he and his counsel are fully cognizant of the nature of the anticipated proceedings.[4] Additionally, even

---

[2] In his Order and Recommended Decision, Magistrate Judge Nivison, among other things, rejected Pettegrow's flawed contention that this is an improper forum in which to conduct a forthcoming hearing addressed to Pettegrow's alleged non-observance of corporate formalities and fraudulent transfer of his assets. Order and Recommended Decision at 32. Judge Nivison authorized Plaintiff to serve on Pettegrow's wife, Monica Pettegrow, and Allie Cat, LLC, an order to hold and answer concerning the transfer of the *Alliecat* vessel to Allie Cat, LLC, a joint tax refund, and Allie Cat's business revenue, explaining that an order to hold and answer would provide them the requisite notice and opportunity to be heard. *Id.* at 36-39.

[3] The Order on Objections and Order Adopting Recommended Decision directed Pettegrow to turn over to Plaintiff funds held in specified accounts as well as certain personal property and Pettegrow's ownership interests in five business entities, but failed to specify a deadline for compliance, which omission informs most of Plaintiff's pending motions.

[4] *See* Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and Recommended Decision After Disclosure Hearing (ECF No. 493), Finding of Fact #4:

> Defendant formed Allie Cat, LLC in April 2019, just after his employment with Plaintiff was being terminated and litigation with Plaintiff became likely. In May 2019, Poseidon

though neither Magistrate Judge Nivison's Order nor my own directed the turnover of the vessel *Alliecat* or the other assets shared by Monica Pettegrow and Allie Cat, LLC, he carries on as though we had. The rest of Pettegrow's contentions on appeal are sound and fury concerning Magistrate Judge Nivison's well-reasoned and thoroughly supported rationales for proceeding in a judicious and measured fashion in the disclosure context.[5]

Pursuant to Federal Rule of Appellate Procedure 8: "A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1). Pursuant to Federal Rule of Civil Procedure 62: "While an appeal is pending from an interlocutory order or final judgment that grants [or] continues . . . an injunction, the court may suspend [the] injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). Additionally: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). The Maine law that would guide a state court, and which likewise guides this Court, is the Maine statute respecting turnover

---

Charters sold a 37-foot Freeman Boatworks catamaran named *Alliecat* to Allie Cat, LLC for $1. In June 2019, Defendant's spouse replaced him as the sole member of Allie Cat, LLC.

[5] Pettegrow contends, *verbatim*:

As is more fully described in Mr. Pettegrow's *Objection to Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and Recommended Decision After Disclosure Hearing* [ECF No. 502], Mr. Pettegrow has a strong likelihood of success on the merits of the Appeal. The Order, and Judge Nivison's underlying report and recommendation (a) materially, and without justification, expands the power and jurisdiction of the Court in a disclosure proceeding in violation of, among other things, the due process rights of various parties, (b) misapplies the Maine supplementary process statute with respect to the recommended turnover and sale orders, (c) grants relief that was not requested by L207 in the disclosure proceeding, (d) erroneously permitted inquiry at the disclosure hearing into the assets maintained or transferred by entities in which Mr. Pettegrow holds an interest, and (e) erroneously admitted various disputed exhibits.

Motion for Stay Pending Appeal at 7, ¶ 20 (ECF No. 531).

orders and sales of a judgment debtor's property, 14 M.R.S. § 3131, and Maine Rule of Civil Procedure 62.

Following a hearing, Magistrate Judge Nivison granted Lobster 207's request for the issuance of hold and answer orders[6] to third-party creditors, recommended ordering "the judgment debtor to turn over to the judgment creditor in partial or full satisfaction of the judgment, interest and costs, such items of property which are not in whole or in part exempt and the value of which is determined to be less than or equal to the amount owed on the judgment, interest and costs." 14 M.R.S. § 3131(1). He also recommended that the Court "order the sale by the judgment creditor of property owned by the judgment debtor in full or partial satisfaction of the amount owed on the judgment, interest and costs, including the costs of sale," based on recommended findings that make such an order lawful. *Id.* § 3131(2). My Order on Objections and Order Adopting Recommended Decision accepted the recommendation and ordered the turnover of identified property, including property that would be subject to sale. For ease of reference, I reproduce the relevant language here:

> Defendant Warren Pettegrow is HEREBY ORDERED to turn over the funds in the following bank accounts (Defendant is permitted to retain $3,000 in deposit account funds that are exempt under Maine law, 14 M.R.S. § 4422(17), and Defendant is permitted to retain $500 in any other property, *id.* § 4422(15), which exemption he evidently chose to apply toward his deposit accounts):
>
> BHB&T health savings account containing approximately $45,000;
>
> Fidelity brokerage account ending in 5245 containing approximately

---

[6] "Upon a disclosure hearing when it is shown that there is a reasonable likelihood that a [third] party has possession or control of property in which the judgment debtor may have an interest . . . the court, upon request of the judgment creditor, may approve the service on the [third] party of an order to hold and answer. 14 M.R.S.A. § 3127-A(1). The third party "shall withhold and account" for property belonging to the judgment debtor by filing an answer within twenty days, and the judgment debtor and creditor can seek a hearing within twenty days of the answer to explore issues such as "the extent of the judgment debtor's interest in the property" and "the exempt status of property listed," so that the court can resolve the dispute and determine whether to issue a turnover order, a turnover and sale order, or a possessory lien order. *Id.* §§ 3127-A(2)–(4).

> $21,000;
>
> Royal Alliance brokerage account ending in 2284 containing approximately $525;
>
> BHB&T certificate of deposit account ending in 5615 containing approximately $17,500;
>
> TD Bank checking account ending in 0536 containing approximately $650;
>
> BHB&T account ending in 3434 containing $315, and
>
> Bangor Savings Bank account ending in 7122 containing approximately $4,200.
>
> Defendant is further ORDERED to turn over for sale the following property identified in the Recommended Decision:
>
> Two pieces of real property (in Somerset and Wesley, Maine);
>
> Three motor vehicles;
>
> Ownership interests in five business entities (100% interest in Poseidon Charters, Inc., 100% interest in Acadia Sea Farms, Inc, 10% interest in Winter Harbor, Marine, Inc., 1% interest in Anchor Avenue, LLC, and 33% interest in Pettegrow Properties, LLC), and
>
> Five firearms and a gun safe.

(ECF No. 513 at 2–3). The order neglected to specify a deadline for turnover.

By law, "[a]n order entered pursuant to [§ 3131] constitutes a lien against the property which is the subject of the order and against the proceeds of any disposition of the property by the judgment debtor which occurs at any time after entry of the order." 14 M.R.S. § 3131(9). The statute goes on to explain the manner and timing by which such liens become perfected as to third parties. *Id.* It concludes with a conferral of equitable powers: "The court is given equitable powers to make all appropriate orders to effectuate or compel obedience to turnover or sale orders." *Id.* § 3131(10).

Because the Order constitutes a lien on Pettegrow's identified property, he "is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f). Maine Rule of Civil Procedure 62 provides different relief pending appeal depending on whether the appeal is taken from "an interlocutory or final judgment granting, dissolving, or denying an injunction," Me. R. Civ. P. 62(d), or an "appeal from a judgment," Me. R. Civ. P. 62(e). For the former, an appeal leaves with the court the discretion whether to "suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party." Me. R. Civ. P. 62(d). For the latter, "the taking of an appeal from a judgment shall operate as a stay of execution upon the judgment during the pendency of the appeal, and no supersedeas bond or other security shall be required as a condition of such stay." Me. R. Civ. P. 62(e).

In the context of these disclosure and enforcement proceedings, we are not dealing with the appeal of the underlying judgment; instead, we have an appeal designed to undermine injunctive relief awarded to enforce the judgment. Indeed, the turnover orders from which Pettegrow appeals are mandatory injunctions. Consequently, the availability of an order suspending or modifying the turnover requirement is a matter of discretion under Maine Rule 62(d) and is not automatic.[7] In my exercise of discretion, I will consider the conventional standards associated with the granting or withholding of injunctive relief. When ruling on a motion for a stay pending appeal, a court in the First Circuit considers: (1) whether the applicant makes a strong showing that he is likely to succeed on the merits of the appeal, (2) whether the applicant will suffer irreparably injury without a stay, (3) whether a stay would substantially injure the other

---

[7] Maine Rule 62 also provides courts with power during the pendency of the appeal "to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." Me. R. Civ. P. 62(g).

interested parties, and (4) whether the public interest bears on the matter. *Dist. 4 Lodge of the Int'l Ass'n of Machinists v. Raimondo*, 18 F.4th 38, 42 (1st Cir. 2021).

## DISCUSSION

I take each of Lobster 207's pending motions in turn and ask whether Pettegrow has demonstrated cause for a stay as to the relief requested therein. If not, I resolve the motion. I am aware that the briefing schedule was suspended on Motions 519, 521, 522, and 523 due to Pettegrow's Notice of Appeal and request for a stay. However, to the extent turnover relief is sought and awarded the requests are unassailable at this juncture, having in effect already been awarded, and in all other respects I have granted mutual requests for a hearing. Consequently, Pettegrow has been heard already and will be heard further to the extent concerns remain over the ownership of particular assets—with one noteworthy exception being the *Alliecat*, due to a default.

### A. Motion for Turnover Based on Bar Harbor Bank and Trust's Answer to Order to Hold and Answer (ECF No. 519)

Based on Bar Harbor Bank and Trust's (BHB&T) Answer to the Court's Order to Hold and Answer, $44,364.01 is held in three certificates of deposit, which certificates are Pettegrow's property. Lobster 207 requests that the Court order the turnover of the property. Pettegrow has failed to articulate any justification for a stay pending appeal in regard to the subject CDs, and the requested turnover order is appropriate based on the Court's prior proceedings. Since the Court has no cause to discern a likelihood of success on appeal or an irreparable injury absent a stay, insofar as the CDs are concerned, the Motion for Turnover Order is GRANTED and the Motion for Stay Pending Appeal is DENIED as to Docket Item 519. Pettegrow is hereby ORDERED to deliver his BHB&T CDs to Lobster 207 within 14 days of this Order.

### B. Motion for Hearing on Fidelity Brokerage Servs. and Fidelity Mgmt. Trust's Answer to Order to Hold and Answer (ECF No. 521)

Based on Fidelity Brokerage's and Fidelity Management Trust Company's Answer to the Court's Order to Hold and Answer (ECF No. 500), Pettegrow holds five accounts, four of which are retirement accounts. Lobster 207 requests a turnover order for the solitary non-retirement account and a hearing concerning the others. Pettegrow has failed to articulate any justification for a stay pending appeal insofar as this motion is concerned. Since the Court has no cause to discern a likelihood of success on appeal or an irreparable injury absent a stay, insofar as the account ending 5245 is concerned, the Motion for Turnover Order is GRANTED. Pettegrow is hereby ORDERED to deliver the funds invested in this account to Lobster 207 within 14 days of this Order. Pettegrow's Motion to Stay is DENIED as to Docket Item 521. The request for a hearing concerning the other accounts is GRANTED. The Court will require the parties to confer as to the scheduling and proper scope of any further disclosure hearing. Fidelity will continue to hold and preserve the accounts pending further order.

### C. Amended Motion for Turnover Based on Corebridge Fin., AIG Annuities and American General Life Ins. Co.'s Answer to Order to Hold and Answer (ECF No. 522)

Based on Corebridge Fin., AIG Annuities and American General Life Ins. Co.'s Answer to the Court's Order to Hold and Answer (ECF No. 509), Pettegrow holds an individual retirement annuity. Lobster 207 requests a turnover order or, alternatively, a hearing to determine whether the annuity is subject to turnover. Pettegrow has failed to articulate any justification for a stay pending appeal insofar as this motion is concerned. Since the Court has no cause to discern a likelihood of success on appeal or an irreparable injury absent a stay, the Motion for Turnover Order is DENIED for present purposes. Pettegrow's Motion to Stay is DENIED as to Docket Item 522. The request for a hearing is GRANTED. The Court will require the parties to confer as to

the scheduling and proper scope of any further disclosure hearing. Corebridge/AIG/American General will continue to hold and preserve the accounts pending further order.

### D. Amended Motion for Turnover Based on Josette Pettegrow's Answer to Order to Hold and Answer (ECF No. 523)

Based on Josette Pettegrow's ("Josette") Answer to the Court's Order to Hold and Answer (ECF No. 506), Josette and Warrant Pettegrow each have an interest in four BHB&T accounts. For one, Pettegrow is the sold contributor of funds. For the others, totaling less than $1,000, Josette and Anthony Pettegrow contributed 100% of the funds, per Josette's representation. Lobster 207 requests a turnover order for the one account and a hearing concerning the others. Pettegrow has failed to articulate any justification for a stay pending appeal in regard to the one account for which he made 100% of the contributions. Since the Court has no cause to discern a likelihood of success on appeal or an irreparable injury absent a stay, insofar as the account ending 1537 is concerned, the Motion for Turnover Order is GRANTED. Josette and Warren Pettegrow are hereby ORDERED to deliver the funds held in said account to Lobster 207 within 14 days of this Order. Pettegrow's Motion to Stay is DENIED as to Docket Item 523. The request for a § 3127-A hearing concerning the other accounts is GRANTED. The Court will require the parties to confer as to the schedule for and proper scope of any further disclosure hearing, including whether there is a need for testimony and whether the matters may be determined based on written submissions. Josette Pettegrow will continue to hold and preserve the funds pending resolution of the hearing.

### E. Motion for Hearing on the Filed Answers in Respect to Hold and Answer Orders (ECF No. 524)

Warren Pettegrow requests a hearing under 14 M.R.S. § 3127-A(4) "to determine the extent of [Pettegrow's] interest and any exemption he is entitled to" for several of the Answers already discussed (BHB&T, Josette Pettegrow, Fidelity, Corebridge) and for the Answers of

Means Wealth Management (ECF No. 516) and Royal Alliance Associates (ECF No. 517). Pettegrow has failed to articulate any justification for a stay of these matters pending appeal. Since the Court has no cause to discern a likelihood of success on appeal or an irreparable injury absent a stay, the Motion for Hearing is GRANTED as to all accounts not otherwise subject to a turnover order and Pettegrow's Motion to Stay is DENIED as to Docket Item 524. The Court will require the parties to confer as to the scheduling and proper scope of any further disclosure hearing. Third parties in control of the property will continue to hold and preserve the same pending further order.

### F. Motion to Set Deadline for Turnover, to Enlarge Deadline for Sale of Personal Property, For Order of Default with Respect to Allie Cat, LLC, and to Stay Deadline for the Sale of Interest in Poseidon Charters (ECF No. 529)

With this motion, Lobster 207 seeks an order related to the remaining property discussed in prior orders, principally consisting of Pettegrow's interest in Poseidon Charters and Poseidon Charters' interest in the vessel *Alliecat*, now held by Allie Cat, LLC. Other property includes the items Pettegrow was already ordered to turn over, including two pieces of real property (in Somerset and Wesley, Maine), three motor vehicles, Pettegrow's ownership interests in five business entities (100% interest in Poseidon Charters, Inc., 100% interest in Acadia Sea Farms, Inc, 10% interest in Winter Harbor Marine, Inc., 1% interest in Anchor Avenue, LLC, and 33% interest in Pettegrow Properties, LLC), and five firearms and a gun safe.

1. Vehicles, guns, gun safe

Concerning the items of tangible personal property other than the *Alliecat* (vehicles, guns, gun safe), since the Court has no cause to discern a likelihood of success on appeal or an irreparable injury absent a stay, the Motion for Turnover Order is GRANTED and the Motion for Stay Pending Appeal is DENIED as to the vehicles, guns, and gun safe. Pettegrow is ORDERED to deliver his vehicles, guns, and gun safe to 150 Bar Harbor Road, Trenton, Maine (or a mutually acceptable

alternative location in Maine), along with related transaction records and title documents, within 14 days of this Order.

2. Ownership interests in certain business entities

Concerning Pettegrow's ownership interests in Acadia Sea Farms, Inc., Winter Harbor Marine, Inc., Anchor Avenue, LLC, and Pettegrow Properties, LLC, the Court likewise has no cause to find a likelihood of success on appeal or an irreparable injury absent a stay. Accordingly, the Motion for Turnover is GRANTED as to these interests and the Motion for Stay Pending Appeal is DENIED as to ownership interests in the business entities. Pettegrow is ORDERED to deliver his shares and/or membership interests in each business to Alfred C. Frawley IV, at McCloskey, Mina, Cunniff & Frawley, 12 City Center, Portland, Maine 04101 within 14 days of this Order. Any business property owned by one of the identified business that is in Pettegrow's possession will be delivered to 150 Bar Harbor Road, Trenton, Maine within 14 days of this Order.

3. Realty

Concerning Pettegrow's ownership interest in realty previously identified, there is no cause to find a likelihood of success on appeal or an irreparable injury absent a stay. Accordingly, the Motion for Turnover is GRANTED as to said realty and the Motion for Stay Pending Appeal is DENIED as to realty. Pettegrow is ORDERED to convey his interest in the realty by quitclaim deed to Lobster 207, and deliver the same to Alfred C. Frawley IV, at McCloskey, Mina, Cunniff & Frawley, 12 City Center, Portland, Maine 04101 within 14 days of this Order.

4. Poseidon Charters and the *Alliecat*

Concerning Pettegrow's and/or Poseidon Charters' interest in the *Alliecat* and Pettegrow's interest in Poseidon Charters, no turnover order has been entered previously concerning the *Alliecat*, but Pettegrow has been ordered to turn over his 100 percent ownership in Defendant

Poseidon Charters. *See* Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and Recommended Decision After Disclosure Hearing at 32–36 (ECF No. 493); Order on Objections and Order Adopting Recommended Decision at 3 (ECF No. 513).

Pettegrow contends in his Motion for Stay and in his Objection to Judgment Creditor's Motion to Set Deadline, *etc.* (ECF No. 545), that this Court has neglected to consider the limits of due process. This is inaccurate. Magistrate Judge Nivison explained that due to the interests of third parties it was necessary for those parties to be served. Order on Motion to Supplement the Record, Order on Request to Hold and Answer, and Recommended Decision After Disclosure Hearing at 36. Moreover, the third parties are free to raise a personal jurisdiction defense by way of answer to the Order to Hold and Answer, or to challenge the same based on an alleged shortcoming in service.

Allie Cat, LLC, and Monica Pettegrow have filed their Objection (ECF No. 543) to Lobster 207's request for an order of default based on their failure to answer the Court's hold and answer orders.[8] Monica Pettegrow asserts that Lobster 207 has failed to serve her personally with a hold and answer order. Lobster 207's motion acknowledges this reality. (ECF No. 529 at 4 n.2.) I agree with Ms. Pettegrow that service on her must comply with Rule 4, not Rule 5. Because service has been effectuated solely with regard to Allie Cat, LLC, I will limit further discussion to that entity.

Allie Cat contends that the Court lacks jurisdiction over its person. Objection at 4. I will consider Allie Cat's belated "Objection" because it concerns the Court's power to require Allie Cat to obey its decrees. I do not thereby excuse Allie Cat's failure to answer. Contrary to Allie

---

[8] Monica Pettegrow belatedly filed an Answer to the "Order to Hold and Answer" (ECF No. 555), in which she explains, among other things, that the *Alliecat* is owned by Allie Cat, LLC, and that she does not have possession or control of the vessel. She does not suggest in her filing that she was properly served, and she maintains her objection to any exercise of jurisdiction over her person.

Cat's argument, Allie Cat is subject to specific jurisdiction in this forum on a claim based on its acceptance of the transfer (for one dollar) of the *Alliecat* from Poseidon Charters, an entity owned one hundred percent by Pettegrow, allegedly to preserve it for Pettegrow's use and to avoid the claims of his creditors. Even in the absence of Lobster 207's allegations related to the non-observance of corporate formalities and/or alter ego theory, the facts establish a prima-facie showing of personal jurisdiction given the Court's factual findings related to Pettegrow's utilization and subsequent abandonment of his membership in Allie Cat, LLC. In addition to satisfying the claim-related and purposeful availment requirements of specific jurisdiction, these circumstances make the exercise of jurisdiction in Maine reasonable.[9] *See*, *e.g.*, *Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1265 (N.D. Cal. 2015); *Catauro v. Goldome Bank for Sav.*, 189 A.D.2d 747, 748 (N.Y. App. Div. 1993). Additionally, the exercise of personal jurisdiction over a third-party transferee is appropriate under the effects test of *Calders v. Jones*, 465 U.S. 783 (1984). *See*, *e.g.*, *Gambone v. Lite Rock Drywall*, 288 F. App'x 9, 14 (3d Cir. 2008) (holding that allegations that a defendant "(1) participated in a fraudulent conveyance, which is a species of the intentional tort of fraud, (2) for the purpose of preventing the plaintiffs, who are Pennsylvania creditors, from collecting on a judgment rendered in their favor by a court in Pennsylvania, (3) and thus 'expressly aimed' his conduct at the forum" were sufficient to establish the court's jurisdiction); *Sourcing*

---

[9] The specific jurisdiction test is in three parts: relatedness, purposeful availment, and reasonableness. To show relatedness, the plaintiff must show a specific nexus between her claim(s) and the forum contacts of a given defendant. *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 59 (1st Cir. 2016). This is said to be a "relaxed" standard. *Id.* However, the standard anticipates a showing that the plaintiff's claims arise out of the defendant's forum-based activities. *Adelson v. Hananel*, 652 F.3d 75, 81 (1st Cir. 2011). The second part of the specific jurisdiction test looks for evidence that the defendant's conduct reflects the defendant's purposeful availment of the privilege of conducting activities in the forum state that would make the defendant's involuntary presence before the state's courts foreseeable. *Copia Communications, LLC v. AMResorts, L.P.*, 812 F.3d 1, 6 (1st Cir. 2016). Finally, any exercise of jurisdiction must be reasonable. *Adelson*, 652 F.3d at 83. Reasonableness is assessed based on a collection of gestalt factors: the defendant's burden of appearing, the forum's interest in adjudicating the matter, the plaintiff's interest in convenient and effective relief, the judicial system's interest in effective controversy resolution, and the interest of relevant sovereigns in the promotion of relevant social policies. *Id.*

*Mgmt., Inc. v. Simclar, Inc.*, 118 F. Supp. 3d 899, 910 (N.D. Tex. 2015); *Seward v. Richards*, 265 A.3d 9, 19 (N.H. 2021).

With jurisdiction established, I return to the matter of Allie Cat's disregard for the Court's Order to Hold and Answer. Pursuant to 14 M.R.S. § 3127-A(2), a person or entity (hereafter "third party") served with a hold and answer order must, among other things, file its answer within 20 days of service. The failure of the third party "to timely file an answer shall constitute a default as to questions of possession and ownership between the [third] party and the judgment debtor of the specific property or debt set forth in the order." *Id.* § 3127-A(6). "In addition, the [third] party shall be subject to an order pursuant to section 3131 or 3132 and shall be subject to a contempt proceeding." *Id.*

I agree with Lobster 207 that Allie Cat's failure to answer results in a default. Allie Cat should have timely answered and included its jurisdictional challenge in its answer. But that is not how matters unfolded. As a consequence of Allie Cat's default, it is established that while Allie Cat possesses the *Alliecat* and its title documents, in fact Pettegrow and/or Poseidon Charters is the actual owner of the vessel. Furthermore, Allie Cat's default occasions a turnover order.

I have already ordered turnover for sale of Pettegrow's interest in Poseidon Charters, a turnover that should be delayed pending Poseidon charters' recovery of the *Alliecat*. I find no cause to stay that order based on the lack of a likelihood of success on appeal and the lack of an irreparable injury showing. Pettegrow is ORDERED to deliver his shares in Poseidon Charters to Alfred C. Frawley IV, at McCloskey, Mina, Cunniff & Frawley, 12 City Center, Portland, Maine 04101 within 14 days of this Order. Likewise for any property of Poseidon Charters in Pettegrow's possession. Allie Cat is ORDERED to deliver the *Alliecat*'s transaction records and title documents to Attorney Frawley at said address to facilitate the sale of the vessel, also within 14

days.  Allie Cat is further ORDERED to preserve and maintain the *Alliecat* at a suitable berth pending the transfer and receipt of title documents, at which point Lobster 207 will be responsible for the vessel's safe keeping and sale.  Pursuant to § 3131(10) and § 3127-A(6), Pettegrow and Allie Cat are further cautioned that failure to comply with the Court's order will incur contempt proceedings, proceedings that Allie Cat is already subject to due to its failure to answer.

### G.  Turnover and Sale

Sale of the identified personal and real property subject to turnover orders will proceed according to the provisions of § 3131(4)-(8).  As to real property previously ordered turned over, Pettegrow's redemption period will be measured by the prior turnover order, not this order.  Lobster 207's deadline to sell property is extended to thirty (30) days following turnover.  Lobster 207's deadline to sell Poseidon Charters and the *Alliecat* is extended until 30 days after turnover of both the *Alliecat* and Pettegrow's shares in Poseidon Charters.

### H.  Motion for Stay Pending Appeal (ECF No. 531).

For the reasons set forth above, specifically the failure of Pettegrow to demonstrate a likelihood of success on any issue or the threat of irreparable injury absent a stay, I decline to exercise my discretionary authority under Maine Rule 62 via Federal Rule 62 to stay or modify the turnover orders.  The Motion for Stay Pending Appeal is DENIED.

### CONCLUSION

Plaintiff's Motion for Turnover Based on Bar Harbor Bank and Trust's Answer to Order to Hold and Answer is GRANTED (ECF No. 519);

Plaintiff's Motion for Hearing on Fidelity Brokerage Servs. and Fidelity Mgmt. Trust's Answer to Order to Hold and Answer (ECF No. 521) is GRANTED—the non-retirement account will be turned over as set out above and the remaining accounts will be subject to further hearing;

Plaintiff's Motion for Turnover Based on Corebridge Fin., AIG Annuities and American General Life Ins. Co.'s Answer to Order to Hold and Answer (ECF No. 522) is GRANTED IN PART and DENIED IN PART—the turnover request is denied but the hearing request is granted;

Plaintiff's Amended Motion for Turnover Based on Josette Pettegrow's Answer to Order to Hold and Answer (ECF No. 523) is GRANTED—turnover is ordered for one account, the others will be considered further at hearing;

Pettegrow's Motion for Hearing on the Filed Answers in Respect to Hold and Answer Orders (ECF No. 524) is GRANTED—a hearing will be arranged consistent with this Order;

Plaintiff's Motion to Set Deadline for Turnover, to Enlarge Deadline for Sale of Personal Property, For Order of Default with Respect to Allie Cat, LLC, and to Stay Deadline for the Sale of Interest in Poseidon Charters, Inc. (ECF No. 529) is GRANTED; and

Having denied Pettegrow's stay request as to each of the pending motions, Pettegrow's Motion for Stay Pending Appeal (ECF No. 531) is DENIED IN FULL.

The parties will confer as to the scheduling and proper scope of a further disclosure hearing and file a joint brief within 14 days.

SO ORDERED

Dated this 20th day of February, 2024

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE