UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-00552-LEW |
| | ) |
| WARREN B. PETTEGROW, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND FOR ORDER DIRECTING SALE**

Plaintiff Lobster 207, LLC, seeks injunctive relief against Defendant Poseidon Charters, Inc., in particular Poseidon Charters' vessel named *Poseidon*. (ECF No. 578.) Poseidon Charters is 100% owned by Defendant Warren Pettegrow. Pettegrow (but not Poseidon Charters) has a petition for relief before the United States Bankruptcy Court for the Southern District of Florida and, consequently, proceedings against his estate became subject to the automatic stay of the Bankruptcy Code.

Recently, the Bankruptcy Court lifted the automatic stay to permit this trial to proceed. *See* Status Report (ECF No. 576) & Status Report Ex. A, *Order Granting Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362 to Permit Trial of Pending Lawsuit Before the United States District Court for the District of Maine* (ECF No. 576-1). In a separate order, the Bankruptcy Court also went a step further and authorized remedies concerning the property of Poseidon Charters and the *Poseidon* itself, ordering that the "automatic stay of 11 U.S.C. § 362 does not extend to Poseidon Charters, Inc., or

its assets, including the fishing vessel known as the *Poseidon*, a 48-foot Duffy with Hull Number DUJ11397J989, as the Court finds that neither Poseidon Charters, Inc. nor its assets constitute property of the Debtor's bankruptcy estate" and that this Court "may issue any appropriate relief it deems necessary and appropriate under the circumstances as it relates to Poseidon Charters, Inc. and its assets, including the *Poseidon*." Mot. Ex. E, *Order Granting Lobster 207's Emergency Motion to Confirm that the Vessel Poseidon is Not Property of the Debtor's Bankruptcy Estate or Subject to the Automatic Stay or, Alternatively, to Prohibit Transit of the Vessel Poseidon Outside the Ordinary Course of Business* (ECF No. 578-5).

Plaintiff requests an order directing the immediate turnover of the *Poseidon* and authorizing the expeditious sale of the vessel. The relief Plaintiff seeks is appropriate. On February 20, 2024, before Pettegrow sought relief in the Bankruptcy Court, I ordered Pettegrow to, among other things, deliver his shares in Poseidon Charters to Plaintiff's counsel on or before March 5, 2024, as well as "any property of Poseidon Charters" in his possession, and directed that the sale of the same would proceed according to the provisions of 14 M.R.S. § 3131(4)–(8). Order Respecting Turnover and Sale Deadlines, Hearings and Stay Pending Appeal at 14–15 (ECF No. 556). Instead of complying with the Order, Pettegrow filed a suggestion of bankruptcy on March 3, 2024, removed the *Poseidon* from its boat yard in Maine on May 10, as though it was subject to his exclusive possession and control, and steamed it to Florida.

Lobster 207 is entitled to injunctive relief based on the prior proceedings in this Court associated with the turnover order against Pettegrow.[1]  The Motion for Preliminary Injunction and for Order Directing the Sale of the Poseidon is GRANTED (ECF No. 578). Poseidon Charters is effectively Plaintiff's property by virtue of the Court's ruling, and its property is already subject to this Court's order directing a sale.  Accordingly, Poseidon Charters is ordered to forthwith deliver the *Poseidon* into Lobster 207's possession for sale. Poseidon Charters is ordered to do so by preserving and maintaining the vessel at a suitable berth and delivering the keys and documents of title to Plaintiff's counsel, at which point Lobster 207 will be responsible for the vessel's safe keeping and sale.  The turnover of the vessel will occur on or before July 12, 2024; the sale within 30 days of the turnover.

SO ORDERED.

Dated this 8th day of July, 2024

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] Poseidon Charters objects on the ground that Lobster 207 relies on 14 M.R.S. § 4353, which it says cannot serve to perfect a security interest in a vessel.  Obj. (ECF No. 581).  I base the relief set forth in this order on this Court's prior proceedings, the turnover order awarded against Pettegrow in advance of his petition in bankruptcy, which effectively transferred to Lobster 207 his interest in Poseidon Charters, and the Bankruptcy Court's *Order Granting Lobster 207's Emergency Motion to Confirm that the Vessel Poseidon is Not Property of the Debtor's Bankruptcy Estate or Subject to the Automatic Stay or, Alternatively, to Prohibit Transit of the Vessel Poseidon Outside the Ordinary Course of Business* (ECF No. 578-5).