UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LOBSTER 207, LLC, )<br>)<br>       Plaintiff )<br>)<br>v. )<br>)<br>WARREN B. PETTEGROW, et al., )<br>)<br>       Defendants ) | No. 1:19-CV-00552-LEW |

### ORDER ON MOTION FOR PARTIAL JUDGMENT

The matter arises on the Pettegrow Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 552). With the Motion, Defendants seek judicial reevaluation of Plaintiff's claim for breach of the Noncompetition Agreement and certain of Plaintiff's fraud contentions. *See* Mem. Dec. and Order on Defs.; Mots. to Dismiss (ECF No. 72); Order on Pettegrow Defs.' Mot. for Partial Summary J. (ECF No. 422).

Concerning the alleged breach of the Noncompetition Agreement, Defendants maintain that their post-closing capacity to continue operating as a "lobster buying station" was left unbridled by the contracts they signed[1] (most notably section 1 of the Supply and Offtake Agreement) and, on that basis, seek dismissal of all claims associated with their alleged proactive buying of lobsters for the purpose of reselling them to Plaintiff at markup. I am not persuaded that Defendant's interpretation of the contractual relationship is clear

---

[1] The relevant contracts include not only the Noncompetition Agreement, but also the Asset Purchase Agreement and the Supply and Offtake Agreement.

and unambiguous, let alone compelled by the pleadings. Defendants may present their contentions to the finder of fact, the final decisionmaker concerning the intent of the parties on contractual matters that are not otherwise foreclosed by a legal ruling.

Nor am I persuaded by Defendants' argument that the Plaintiffs have alleged facts that compel dismissal of the challenged fraud allegations based on the application of the economic loss doctrine. In the event that the jury returns a verdict for Defendants on the civil conspiracy claim but against them on one of the associated fraud claims, then there may or may not be an issue concerning application of the economic loss doctrine, as such a verdict would conceivably separate the Defendants from Warren Pettegrow's alleged breach of fiduciary duties but still impose liability based on some other, uncertain extra-contractual duty. However, the pleadings standing alone do not require me to unravel that hypothetical mystery at this time.

The Pettegrow Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 552) is DENIED.

**SO ORDERED.**

Dated this 2nd day of October, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge