UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER**

The matter is before the Court on Defendants' Motion in Limine to Exclude Arbitrator's Final Award at Trial (ECF No. 446), which Motion I resolved in part and reserved in part by Order of August 1, 2023 (ECF No. 486). In that Order, I concluded that the Arbitration Award in the employment dispute between Plaintiff Lobster 207 and Defendant Warren Pettegrow is a hearsay document inadmissible for purposes of proving the truth of its factual findings at trial of the claims remaining in this litigation. I reserved for later consideration whether and if so how to inform the jury of the Award and the propriety of using the Award for purposes other than to prove the truth of the matters asserted therein. Without changing that approach, I issue the current Order to change the entry on the motion to GRANTED rather than RESERVED and to offer some additional observation related to Plaintiff's citation of *Alexander v. Gardner-Denver Company*, 415 U.S. 36 (1974).

In *Alexander*, the Supreme Court opined that an arbitral decision addressing an employment dispute arising out of a collective bargaining agreement ("CBA") "may be admitted as evidence and accorded such weight as the court deems appropriate" in the context of subsequent litigation arising out of the same employment dispute but advancing anti-discrimination rights protected under Title VII. *Id.* at 59. There, the employer sought judgment in its favor based on its non-discriminatory justification for terminating an employee given the arbitrator's conclusion that the stated justification for the employee's discharge was just. The district court and the court of appeals agreed with the employer and effectively treated the arbitral decision as preclusive of the employee's Title VII claim. The Supreme Court vacated that ruling and explained that CBA rights and Title VII rights are "distinctly separate" and that "no inconsistency results from permitting both rights to be enforced in their respectively appropriate forums." *Id.* at 50. The last sentence of its opinion indicated that, on remand, "[t]he arbitral decision may be admitted as evidence and accorded such weight as the court deems appropriate," ending with a footnote listing a variety of factors to consider such as how closely the CBA rights aligned with Title VII rights, the procedural fairness observed at the arbitral hearing, the adequacy of the arbitral record in relation to the claim of discrimination, and the quality or competence of the arbitrator who issued the decision. *Id.* at 60 & n.21.

This case is different from *Alexander* in important respects, not only in terms of the degree of factual overlap between the arbitrated claims and the litigated claims but also in terms of preserving the jury rights of the moving Defendants, none of whom was party to the arbitration proceeding, sparing the jury from confusion, and avoiding unfair prejudice.

In terms of factual overlap, in *Alexander* the claims addressed at arbitration and at trial arose predominantly out of a narrow set of factual circumstances. The employer said the employee's performance at a drill was unsatisfactory because he produced too many defective or unusable parts and that this was cause for his discharge. *Id.* at 38. Here, by comparison, the claims remaining for trial arise out of a laundry list of circumstances giving rise to additional contract and tort claims and—of special concern—pertaining to a larger cast of characters, none of whom was subject to the arbitrator's authority.

In terms of the right to a jury trial, in 1974, when the Supreme Court issued *Alexander*, Title VII did not afford a right to a jury trial and the remedial authority of judges who presided over Title VII claims was limited to forms of equitable relief like reinstatement. *Troy v. Bay State Computer Group, Inc.*, 141 F.3d 378, 382-83 (1st Cir. 1998). In effect, the *Alexander* Court understood that lower courts would be informed of the existence of prior arbitral decisions arising out of the very same workplace dispute and that the employer's and the union's conduct in such proceedings might be relevant to a discrimination claim, and it entrusted lower courts to weigh the probative value of the resulting arbitral decision and related proceedings in the context of subsequent Title VII proceedings, presumably understanding that judges are well equipped to weigh that kind of evidence without simply deferring to the arbitrator's opinion of the merits. Here, by comparison, a jury rather than a judge will be resolving the parties' factual disputes. Additionally, in this case the scope of the Arbitration Award was confined to an employment dispute between Lobster 207 and Warren Pettegrow alone. The other Defendants were not required to arbitrate and they did not do so. They are strangers to the

Arbitration Award.  Permitting the jury to weigh the adverse findings the arbitrator made concerning Warren Pettegrow in relation to the claims against the moving Defendants disregards the fact that they were not party to the arbitration and would undermine their right to have the jury serve as the arbiter of the claims against them.

Lastly, instructing a jury to follow the *Alexander* advice about how to weigh the probative value of an arbitration award would result in a trial within a trial concerning the qualities of the arbitration process, etc., a potentially serious diversion that would result in not only unfair prejudice but also confusion and a waste of time.

For these reasons, in addition to the hearsay concerns addressed in the prior order, there is a palpable risk of unfair prejudice to the moving Defendants if the Arbitration Award is admitted at trial.  Even if the Award has some relevance to claims remaining in this case, the Arbitration Award is subject to exclusion under Federal Rule of Evidence 403 in the absence of some eventuality at trial that counsels in favor of a different result.

Accordingly, Defendants' Motion in Limine to Exclude Arbitrator's Final Award at Trial (ECF No. 446) is GRANTED, without prejudice to Plaintiff's ability to move its admission or notice in the specific context of the trial.

SO ORDERED.

Dated this 19th day of November, 2024

/s/ Lance E. Walker
Chief U.S. District Judge