UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| LOBSTER 207, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-00552-LEW |
| | ) | |
| WARREN B. PETTEGROW, et al., | ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON DEFENDANT STEPHEN PEABODY'S MOTION TO SEVER

Defendant Stephen Peabody has filed a Motion to Sever or Separate Claims Against Him (ECF No. 610).  A primary thrust of the Motion relates to the dollar amount of the claim in the case that extends to him (a fraud/civil conspiracy claim related to the BJ Co-Op Upcharge[1]) as compared to the much greater dollar amount of the several claims that do not.  The Motion also relies on the fact that the claim that extends to Peabody involves a distinct transaction or occurrence separate from the bulk of the matters that inform the wider litigation, as well as the fear of spillover prejudice if the jury should view the other Defendants unfavorably, especially given the "complexity and antagonistic nature of the claims exclusive to [the] other Defendants."  Motion at 2.

---

[1] Plaintiff dubs this the BJ Co-Op Scheme.  By prior orders, Counts I and II (involving alleged racketeering) were dismissed as to Peabody (*see* ECF No. 262 at 14) and Counts III (fraud) and VI (civil conspiracy) "remain viable as to Mr. Peabody . . . solely with regard to the matter of the alleged misrepresentation concerning Trenton Bridge and Lobster 207's historical price practice" (ECF No. 431 at 18).  This is the law of the case, though Plaintiff discusses how Peabody remains a witness or engaged in conduct that informs some of its other claims against the Pettegrow Defendants.

Rule 20 of the Federal Rules of Civil Procedure provides that persons may be joined in the same action as defendants if a right to relief is asserted against them jointly or severally based on the same transaction or occurrence or any question of law or fact will arise in the action that is common to them. Fed. R. Civ. P. 20. However, Rule 21 provides that "the court may at any time, on just terms, add or drop a party [or] sever any claim against a party." Fed. R. Civ. P. 21. "The decision to sever out parties or claims is a case management decision falling within the district court's broad discretion." *Acevedo-Garcia v. Monroig*, 351 F.3d 547, 558 (1st Cir. 2003). In addition to the option of severing a case so that one trial is conducted in two or more severed parts, the district court may also carve out parts of a litigation into separate trials. *Id.*; Fed. R. Civ. P. 42. With either option, relevant considerations include judicial economy, prejudice to the non-movants in the event of a grant, prejudice to the movant in the event of a denial, and the availability and utility of instructions that would protect the movant against prejudice. *See generally* Fed. R. Civ. P. 42(b); *Acevedo-Garcia*, 351 F.3d at 559; *Gonzalez-Camacho v. Banco Popular de Puerto Rico*, 318 F. Supp. 3d 461, 476 (D.P.R. 2018), *aff'd in part, dismissed in part*, 2020 WL 5543934 (1st Cir. July 21, 2020); *Thorndike ex rel. Thorndike v. Daimlerchrysler Corp.*, 220 F.R.D. 6, 8 (D. Me. 2004).

Judicial economy weighs heavily against conducting two trials, particularly as the alleged BJ Co-Op Upcharge occurrence is not cleanly severable from the rest of the case. That occurrence is woven into the fabric of the larger controversy insofar as the Plaintiff and the Pettegrow Defendants are concerned. Plaintiff and the Pettegrow Defendants should be able to present the jury with the entirety of their dealings to argue any credibility

and related concerns that might be available. While a separate, more consolidated trial of the controversy associated with the upcharge paid to the BJ Co-Op would alleviate the trial burden placed on Peabody, it would amplify the burden on the court and the other parties and would necessitate a considerable duplication of effort. This case has proven difficult to calendar for purposes of trial. Everyone involved has an interest in bringing it to an end. Separating out the entire BJ Co-Op Upcharge controversy would prejudice the non-movants considerably given the time and expense associated with a second jury trial when the matter otherwise folds seamlessly into the larger litigation.

As for severance of the BJ Co-Op controversy to conduct a mini-trial within the larger trial, I am not persuaded that the prejudice, if any, that would befall Peabody if his Motion is denied outweighs the interest in securing a unified trial for the remaining parties. With regard to Peabody's observation about the valuation of the different claims, standing alone, the discrepancy in claim valuations does not give rise to unfair prejudice. Furthermore, the controversy that reaches Peabody involves a claim and occurrence of significant enough size and thematic relevance that I would not expect a jury to lose sight of it.

I do appreciate the concern Peabody has for spillover prejudice. All of the other Defendants share a family tie and their dispute with Plaintiff appears to be more heated and personal. However, my instructions will reflect that the assessment of liability must be made on an individualized basis. I am prepared to provide an instruction that emphasizes that point specifically in relation to Peabody should he propose a reasonable one. Additionally, Peabody's counsel will be allowed to address the jury in opening statement,

closing argument and indirectly through witness examination to emphasize the inappropriateness of any spillover prejudice and to cordon off Peabody's role in this kerfluffle. This is the garden variety task of every trial lawyer who represents a codefendant whose role may be relatively limited. In any case, it is not the foundation for the court to cavalierly grant a bespoke trial of his case when to do so would work to the unfair prejudice of the remaining parties and work to impede the truth-seeking task of the jury.

I also recognize that the denial of his Motion will mean that Peabody may be in court for a greater duration than would be the case in either a severed or separate trial limited to the BJ Co-Op Upcharge controversy that reaches him. This is the stuff of trials. That rather natural circumstance will likely mean that Peabody has more time away from work and will bear a greater litigation expense. However, it might be possible to manage the trial in a way that involves a more concentrated presentation of the facts and circumstances associated with the alleged BJ Co-Op Upcharge so that Peabody can be absent from the trial when other matters are being presented, should he so choose. Whatever the solution may be, management strategy of the tradeoffs of going to trial are features of reality not a basis to disproportionately burden the other parties, the jury, and the Court. While the larger controversy is sure to be heated, it does not follow that the jury will be unable to consider Peabody's rights objectively and dispassionately.

Stephen Peabody's Motion to Sever or Separate Claims Against Him (ECF No. 610) is DENIED.

SO ORDERED.

    Dated this 13th day of December, 2024.

                                            /s/ Lance E. Walker
                                            Chief U.S. District Judge